EMMA L. THOMAS

*v.*

LEWIS R. THOMAS.

</div>

1. DIVORCE—*desertion—how long.* The statute requires that desertion shall continue, without cause, for the space of two years, before a divorce can be obtained in this State for that cause, and courts have no power to prescribe a shorter period.

2. SAME—*allowance of—not a matter of discretion.* The statute does not confer upon the courts an unlimited discretion to grant divorces whenever they may deem it expedient or advisable. Their power to act is derived

solely from the statute, and they must conform strictly to its require-
ments.

3.  SAME—*adultery—what not considered sufficient proof of—to authorize a
decree of divorce.*  In a suit for a divorce on the ground of adultery, the evi-
dence simply showed, that the defendant frequently left her home in the
absence of her husband, who was a trader, and would be absent several days
at a time, and that her reputation for chastity was bad: *Held*, that this
proof failed to establish the charge.

4.  SAME—*what proof must be.*  In that, as in all other charges, it must
be proved by direct or circumstantial evidence, and not on mere suspicion,
or even on bad reputation.

5.  LARCENY—*what will not be held to be—husband or wife converting the
property of the other.*  The act of 1861, known as the "Married Woman's
law," has not so far destroyed the relation of husband and wife as to render
either guilty of larceny by converting the property of the other.

6.  DIVORCE—*larceny—where there has been no conviction.*  It is no ground
for a divorce, within the statute, that a party has committed a larceny, where
no conviction has been had.

7.  The statute declares, that, to be a cause of divorce, the party must be
convicted of felony, or other infamous crime.

8.  And a court has no authority to convict a defendant, *ex parte* upon a
default, of a felony or infamous crime, and then make such conviction the
basis of a decree of divorce.

WRIT OF ERROR to the Circuit Court of Livingston county;
the Hon. CHARLES R. STARR, Judge, presiding.

The opinion states the case.

Mr. B. C. COOK, for the plaintiff in error.

Mr. N. J. PILLSBURY, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill for a divorce, filed by defendant in error, in
the Livingston Circuit Court, against plaintiff in error.   The
bill alleges a willful and malicious desertion for the space of

seven days; frequent acts of adultery with one Albert Beck-with, and previous to such desertion she had been guilty of the infamous crime of larceny. Summons was issued on the 4th day of March, 1865, and returned on the 18th of the same month, not served. At the next November term a decree *pro confesso* was rendered on a previous notice by publication, and the case was referred to the master to hear and report the evidence.

The evidence reported by the master shows but four days' desertion before the bill was filed. The statute (Gross' Comp. p. 230, sec. 1) declares that the desertion shall continue without cause for two years. The statute has required that the ground must be shown to have existed for the full period of time before a court can grant a divorce for such a cause. Courts have no power to prescribe a shorter time, or require less than the statute has prescribed. The courts derive their power to act alone from the statute, and must act within its provisions and requirements. It is not a matter of discretion in the chancel-lor whether he will allow the divorce, but he must act upon and within the power conferred by the statute. This, then, had no semblance of a ground for rendering the decree.

An examination of the evidence preserved in the record entirely fails to establish adultery. The only evidence was that of Henry W. Thomas, who testified that she left her home frequently in the absence of her husband, who was a trader, and would be absent several days at a time, and that her reputation for chastity was bad. This is the substance of all the evidence on the charge of adultery, and wholly fails to prove it. In that, as in all other charges, it must be proved by direct or circumstantial evidence, and not on mere suspi-cion, or even on bad reputation. We discover no single fact proved from which the charge can be inferred. On this charge in the bill, the evidence is clearly insufficient.

And on the charge of larceny the evidence equally fails. It is proved that she took a watch and disposed of it so that it could not be found. Whose watch? Was it her watch, or

did it belong to some one else? If it was her own, under the law of 1861, called the "Married Woman's law," she had a right to dispose of it without the consent, or even the knowledge, of the husband. The law gives her that right, and if she exercises it, however injudiciously, there is no ground of legal complaint on the part of the husband. Again, if it belonged to the husband, it could not, even under that law, be held larceny. That act has not so far destroyed the relation of husband and wife as to render either guilty of larceny by converting the property of the other. Whatever is the civil liability, if any, it is not larceny. And the evidence fails to show that the watch belonged to some other person.

But even if it did, we are not prepared to hold that the commission of a larceny, without conviction, is a ground for a divorce. The statute has declared, that, to be cause of a divorce, the party must be convicted of felony, or other infamous crime. In this case there had been no conviction of larceny. It surely never entered into the mind of the legislative power, when enacting this provision, that our courts of chancery should, *ex parte* upon a default, convict a party of a felony or infamous crime, and then make that conviction the basis of the decree. In this case, however, the evidence fails to support the insufficient charges, as well as that which is properly charged, and the decree of the court below must, therefore, be reversed and the cause remanded.

*Decree reversed.*