McIlvaine, C. J.
The jury found the value of the property stolen to be $35.00 — the minimum sum constituting grand larceny; and it is quite evident, from the testimony, that this finding included the value of each article mentioned in the indictment. Hence, the conviction was wrong, if any article named was improperly laid as the property of John F. Patton; or, if the actual market value of the goods was the only criterion of their worth.
It is not disputed that, at common law, an indictment for the larceny of a wife’s wearing apparel, laying the property in the husband, was good. It is contended, however, that under our statute the rule is different. The act of March 30, 1871, (68 Ohio L. 48) provides: “Any personal property, including rights in action, belonging to any woman at her marriage, or which may have come to her during coverture by gift, bequest, or inheritance, or by purchase with her separate money or means . . . shall, together with all the income, increase and profits thereof, be and remain her separate property, and under her sole control, and shall not be liable, to be taken by any process *517 of law, for the debts of her husband. This act shall not affect the title of any husband to any personal property reduced to his possession, with the express assent of his wife; provided, that said personal property shall not be deemed to have been reduced to possession by the husband by Iris use, occupancy, care, or protection thereof,” etc.
Notwithstanding the very comprehensive terms of this statute, a majority of the court are of the opinion that they do not embrace the wearing apparel of the wife, furnished by the husband, or purchased hy her with money or means given to her by the husband for that purpose. As to such property, it was not intended by the statute to deprive the husband of all ownership and control; for surely, while the duty of the husband to furnish his wife with necessary and suitable clothing is continued, it was not inteudedto deprive him of the right to control and preserve it. Nor does it make any difference where a wife purchases her apparel with pin money, given to her by her husband to be expended according to her will and pleasure. Of such property, the possession of the wife is the possession of the husband.
It has been held, however, by the Supreme Court of • Indiana, that a statute similar to ours operates as to clothing of the wife acquired otherwise than from the husband, or through his means, so as to invest her with a separate estate therein. Stevens v. The State, 44 Ind. 469. See also, 17 Ala. 415; 119 Mass. 596; 51 Ill. 162; 1 Amer. L. Reg. 434.
And we are inclined to think that there is good gronuds for the distinction. Where the wdfe’s clolhing is furnished by the husband, in discharge of his marital duty toward her, the statute does not divest him of the property contrary to his intentions; while on the other hand, where the properly is otherwise acquired by the wife, th e statute simply prevents a title vesting in him by virtue of his marital relation. Under the statute, the “ gift,” which is declared to be the separate property of the wife, is a voluntary one, as all gifts must be, and does not embrace necessaries which a husband is under a legal duty to furnish his wife.
*518 Erom the testimony in the record before os, it appears that the wife bought the shawl with her “individual means;” whether these means came from the husband or not is not disclosed; but, whether they did or did not, the jury were instructed to find the property in the husband, if they found that the shawl was “in his custody and under his control” at the time of the larceny. And it is quite evident, from the whole record, that the court below was of opinion, and that the jury may have so understood, that the mere fact that the goods were in the dwelling-house of the defendant, wdiere he was living with his wife, put them “ in the custody and under the control” of the husband, so as to vest in him such a special property as would authorize a conviction under the indictment. To say the least, this instruction was misleading. The jury ought to have been told, that if the shawl was not purchased with money given by the husband to his wife, the mere fact that the shawl was stolen from the family residence, did not authorize a finding of the property in the husband, as charged in the indictment.
In regard to the testimony admitted to prove the value of the goods stolen, we think there was no error. As was shown, on the trial below, we can readily perceive that there is no such market for partly-worn clothing, as will show the real value or worth of such articles ; and to confine the testimony to the market rates for second-hand clothing, would, in such cases, substantially close the door to all proof of value. The best rule for ascertaining the value of such property, would be to deduct from the market pi-ice of new goods, of like kind, a reasonable amount for the depreciation in value, caused by the wear and use.

Judgment reversed, and cause remanded for a new trial.