## CATHERINE McCLUSKEY *vs.* PROVIDENT INSTITUTION FOR SAVINGS.

In an action by a widow against a savings bank for money deposited by her therein in her own name, proof that it did not belong to her, and was so deposited, in her husband's lifetime, at his request and for his benefit, and that the administrator of his estate has demanded it from the bank, rebuts any presumption that it was a gift to her from her husband.

Money earned by a married woman, if not earned in a business carried on upon her sole and separate account, nor given to her by her husband, cannot be held by her as against her husband's representatives after his death; and if she has mixed it with her own separate funds so that the amount of it cannot be ascertained, and deposited the whole in a savings bank, from which her husband's representatives have demanded the deposit, she cannot maintain an action against the bank for the amount thereof.

CONTRACT to recover money deposited with the defendants by the plaintiff under the name of Catherine Shea. The answer alleged the defendants' ignorance of the facts set forth in the

declaration, and that, if the plaintiff made such deposits, she was at the time of making them the wife of Daniel Shea; " that said deposits belonged to him and not to the plaintiff, and were made by the plaintiff for him, at his request and for his benefit; that, prior to the commencement of the plaintiff's suit and since said deposits were made, Daniel Shea died, and Patrick J. Shea, his son, has been duly appointed administrator of his estate, and now claims said deposits as such administrator, and has demanded the same of the defendants and notified the defendants not to pay over any money to the plaintiff out of the moneys so deposited; and that the plaintiff has not duly notified and demanded of the defendants said deposits of money, as required by the plaintiff's contract, if any, with the defendants, and as required by law." Trial in the superior court, before *Reed*, J., who, after a verdict for the plaintiff, allowed a bill of exceptions substantially as follows:

"The pleadings make a part of the case. The defendants answered, among other things, that the moneys, when deposited by the plaintiff, belonged to Daniel Shea, the former husband of the plaintiff; that the moneys were all deposited while the plaintiff was the wife of said Daniel Shea; that Patrick J. Shea, son of Daniel Shea, had been duly appointed administrator of his estate, and had notified the defendants of those facts, and forbade payment of said money to the plaintiff, and required payment thereof to him as such administrator.

"For the purpose of a ruling by the judge upon the sufficiency of said defence, if proved, the parties admitted, for the time being, that the moneys claimed were deposited in the name of Catherine Shea; that a book in the usual form and containing the contract usual in such cases was delivered by the defendants to the plaintiff (said book may be referred to for the contract, and to show the times of deposit); that a demand had been made upon the defendants therefor by the plaintiff before suit was commenced; that the plaintiff was now married to Philip McCluskey; and that Patrick J. Shea, as administrator of the estate of Daniel Shea, had demanded the money of the defendants. Upon this statement, the judge ruled that said

McCluskey *v.* Provident Institution for Savings.

defence could not be maintained, and ordered a verdict for the plaintiff; to which ruling the defendants excepted." The case was argued in writing in November 1868.

*E. S. Cutter & I. J. Cutter*, for the defendants.

*J. Nickerson*, for the plaintiff.

COLT, J. The recitals from the defendants' answer, contained in the bill of exceptions, do not state, nor was it agreed as a fact, that the deposits in the lifetime of the plaintiff's former husband, were made without his knowledge or assent, or that the money was required for the payment of his debts existing at the time. If this were all, it would be fair to presume that they were made in her name with his consent, and that they are not now claimed in behalf of creditors. The fact that the deposit was made in her name, with his knowledge and consent, would be sufficient evidence, if uncontrolled, of a gift of the money from the husband to his wife, perfected by delivery, which would give her a valid title to the same after his death, as against his legal representatives. This, undoubtedly, was the view taken by the court below. Gen. Sts. *c.* 108, §§ 1, 7. *Fisk* v. *Cushman*, 6 Cush. 20. *Adams* v. *Brackett*, 5 Met. 280, 285. *Ames* v. *Chew*, Ib. 320.

But the pleadings are made part of the case, and, on turning to the answer, we find it there alleged that these deposits were made by the plaintiff for her husband, at his request and for his benefit, and do not belong to the plaintiff; that, since the death of her husband, his administrator has demanded them of the defendants, and now claims them as such administrator.

The court ruled, as we understand the exceptions, that the facts so alleged, in connection with the facts admitted, would not constitute a defence. But we are of opinion that they would, if proved, defeat the inference of a gift arising from a deposit in the wife's name, showing that it was not so intended, and that she acted as the agent of her husband in the transaction.

*Exceptions sustained.*

After this decision, the defendants amended their answer by alleging that two of the deposits were made by the plaintiff

**after** the death of Daniel Shea, of money belonging to his estate.

At the new trial in the superior court, before *Dewey*, J., it appeared that the plaintiff was the wife of Daniel Shea, and made deposits with the defendants at various times, in her name of Catherine Shea, till November 17, 1866, when her husband died ; that after his death she made two small deposits, one on November 28, 1866, and the other on March 13, 1867 ; that all the rules of deposit with the defendants were complied with by the plaintiff; that she made a proper demand on the defendants before action brought; that Patrick J. Shea was duly appointed administrator of the estate of Daniel Shea on June 17, 1867, and made a demand on the defendants for the money deposited by by the plaintiff as the property of the estate, before the beginning of this action ; and that the plaintiff was married to Philip McCluskey in May 1867. There was conflicting evidence on the question whether the deposits made by the plaintiff consisted of money acquired by her in trade or labor carried on upon her sole and separate account, and whether Daniel Shea supported his family by his labor.

The judge instructed the jury that the plaintiff was entitled to recover unless the defendants proved that the title to the money was in Patrick J. Shea, as administrator of his father's estate ; that if the money was received by the plaintiff from any trade, labor or services carried on or performed by her on her sole and separate account, she was entitled to the same as against her husband or his administrator ; that, if the money was her husband's, he might give it to her, and if he did so, and she deposited it with the defendants in her own name, she was entitled to hold it against all persons except the creditors of her husband, and there was no evidence that her husband had any creditors ; but that, " if the money deposited was the money of Daniel Shea, earned by himself, by his minor children and by his wife, (save from any labor, trade or services carried on or performed on her sole and separate account,) and was deposited as his money in her name, as a matter of convenience in keeping the account, and was never given to her, then the plaintiff could not maintain this action."

The plaintiff asked the judge to rule that " in any event in this form of action, and under the pleadings, the defendants were liable for the money deposited since the death of the plaintiff's husband, notwithstanding the same may have been the estate of the husband." The judge so ruled, but added : " Not if the specific money left by him was deposited by the plaintiff to the same account she had deposited the husband's money in his lifetime." The plaintiff further asked the judge to rule, " that it was the duty of the husband to support his family, and if the jury find that he did not contribute more than sufficient for that purpose, the plaintiff can recover." But the judge declined so to rule. The plaintiff also asked the judge to rule that, " if the jury find that the husband gave any money to his wife, or made a gift to her of any of the money in controversy, the wife is entitled to it as against his heirs at law." The judge so ruled, but added : " Unless she so mixed it with money of the husband that the amount of it cannot be ascertained." The judge also ruled that " the husband was entitled to the earnings of the plaintiff and their children, other than the earnings excepted by statute ; and that, if the plaintiff had earned money, outside of what she might earn for her services as wife and mother, and had allowed those earnings, or any part, to be mixed with her earnings as wife and mother, so that the same could not be separated and ascertained, she could not recover for such earnings." The jury returned a verdict for the defendants, and the plaintiff alleged exceptions.

*J. Nickerson*, for the plaintiff.

*I. J. Cutter*, for the defendants.

CHAPMAN, C. J. By the Gen. Sts. *c.* 108, § 1, it is provided, among other things, that the property which a married woman " acquires by her trade, business, labor or services, carried on or performed on her sole and separate account," shall " be and remain her sole and separate property." This provision leaves the property which she acquires by trade, business, labor or services, not carried on or performed by her on her sole and separate account, to be as it was at common law, the property of her husband.

In this case, the property acquired by her was deposited by her with the defendants in her own name, and remained there till after her husband's death. It was held, at the former hearing, that, even if the property did not belong to her under the statute, yet the presumption would be that her husband had made a gift of it to her, perfected by delivery and by the deposit in her name, so that she could hold it after his death. The rulings now excepted to are in conformity with this decision. It was ruled that the burden was on the defendants to prove that the title was in the husband's administrator, and that it was not her sole and separate property, and had not been given to her by her husband, but was deposited by her with the defendants as his agent. As to the two deposits made by her after his death, the jury were correctly instructed that the money was hers unless the specific money left by him was deposited by her to the same account to which she had deposited the husband's money in his lifetime. There can be no doubt that, if, after his death, these sums, which had been his till his death, were taken and specifically deposited by her with the defendants, they would not thereby become hers.

The instruction prayed for, " that it was the duty of the husband to support his family, and if the jury find that he did not contribute more than sufficient for that purpose, the plaintiff can recover," was properly refused ; for, on the principle contended for, the plaintiff could recover, though the property had not been acquired as her sole and separate property, and though the husband had never parted with his title to it.

The instruction prayed for, " that if the jury find that the husband gave any money to his wife or made a gift to her of any of the money in controversy, the wife is entitled to it as against his heirs at law," was given with a proper qualification, namely, that she was entitled to it " unless she so mixed it with money of the husband that the amount of it cannot be ascertained." If he made her a gift of money during his lifetime, it would not by that mere act become her sole and separate property. The doctrine of the common law would apply to it. In order to hold it after his death, it would be necessary for her

to keep it separate. *Fisk* v. *Cushman*, 6 Cush. 20. To mix it with his money in his lifetime, so that the amount remaining after his death could not be ascertained, would be, in effect, returning it to him. And another insuperable difficulty in the way of her recovery would be, that the jury could not fix upon any amount for which their verdict should be rendered. So if she possessed money earned as her sole and separate property, and allowed those earnings, or any part of them, to be mixed with her other earnings, so that the same could not be separated and ascertained, it would be impossible to render a verdict in her favor. The statute does not protect her property except so far as it is sole and separate; and it fails to be so when she herself so mixes it with her husband's property that it cannot be separated and ascertained. The instruction to this effect was correct.                                        *Exceptions overruled.*