### JAMES H. BANCROFT *vs.* BRIDGET CURTIS.

A deed of land was executed to a man in consideration of a sum paid in part with his wife's separate money, and the rest with money raised by mortgaging the estate. She took part with him in the negotiation for the purchase of the land, and joined in the mortgage in token of her release of dower; but she could neither read nor write, and supposed that the title was taken in her own name. The purchase was made to enable her to enter into business upon the land on her separate account; and she did so, and paid out of the receipts of the business a great part of the loan secured by the mortgage. Discovering then that the title was not in her name, she requested her husband to convey it to her, and he did so through a third person. *Held*, that whether or not a trust in the land could have been enforced in her favor against her husband, the conveyance was for a sufficient consideration as against his creditors, unless it was made with an actual purpose to defraud them.

The provision of the St. of 1862, *c.* 198, § 1, that "any property" employed by a married woman in doing business on her separate account may be taken on attachment or execution against her husband, unless she files in the city or town clerk's office the certificate required by the statute, relates only to personal property.

WRIT OF ENTRY, dated September 29, 1869, to recover real estate in the city of Worcester. Trial in the superior court, before *Dewey*, J., who reported the following case for the consideration of this court; if the demandant was entitled to recover, judgment to be entered for him, otherwise for the tenant.

On July 6, 1866, Walter R. Bigelow conveyed the demanded premises to Richard Curtis, the tenant's husband, for an agreed

price of $2800. Both the tenant and her husband were present, and took part in the negotiation with Bigelow which resulted in the conveyance; and payment of the price was made or secured as follows : A loan of $870 was obtained from a savings bank, and a first mortgage of the premises given to secure it. The $870, and $130 of the tenant's own money were paid to Bigelow; and he took a second mortgage of the premises to secure payment of the remaining $1800. The mortgages were signed by the husband as grantor, and by the tenant with her mark in token of her release of dower. The tenant could neither read nor write, and supposed that the conveyance of the premises had been made to herself.

Before the tenant's marriage, which occurred in 1865, she kept a boarding-house, and the purchase of the demanded premises from Bigelow was made for the purpose of enabling her to resume that business, for which she owned the necessary furniture. She engaged again in the business, upon the premises, but never filed in the city clerk's office the certificate required by the St. of 1862, *c.* 198. The question whether the business was carried on upon her sole and separate account was specially submitted to the jury, who found that it was so. From the receipts of this business a large part of the $1800 due to Bigelow was paid before January 25, 1868, on which day the tenant's husband conveyed the premises to Horace B. Verry and Verry conveyed them to the tenant, no consideration passing for either conveyance. A short time before January 25, 1868, the tenant's husband had absented himself for several weeks, taking with him some money belonging to her, which she had intrusted to him to pay some bills. During his absence she had learned for the first time that the title to the premises was in his name; and accordingly, on his return, she requested that he would transfer it to her, and the conveyance was made through Verry in pursuance of the request.

At the time of this conveyance, the tenant's husband was in debt to one William A. Williams, an attorney at law, and to others. There was no evidence at the trial, that he had any other property than such as he might have in the demanded premises; and the evidence tended to show that he was insolvent.

Williams brought suit against the tenant's husband July 16, 1868, upon his debt; recovered judgment July 25, and took out execution thereon August 1, upon which the judgment debtor's equity of redeeming the demanded premises from the mortgages was seized and sold to the demandant on October 3, all in the year 1868.

The question whether the conveyance of the premises by the tenant's husband, through Verry, to her, was fraudulent agaii st his creditors, was specially submitted to the jury, and answered in the negative. But the demandant contended that on the foregoing evidence it was void against the husband's previous creditors, as being voluntary and without consideration.

*W. A. Williams*, for the demandant.

*G. F. Verry & F. A. Gaskill*, for the tenant.

GRAY, J. This action cannot be supported upon either of the grounds upon which the demandant relies.

1. If the wife had paid no part of the consideration of the original conveyance to the husband and had had no legal or equitable right in the land, and the subsequent conveyance by him through a third person to her had been made by him, being indebted and having no other property, and without any valuable consideration, it would doubtless have been void as against his existing creditors, and the jury should have been so instructed. *Williams* v. *Thompson*, 13 Pick. 298. *Peirce* v. *Thompson*, 17 Pick. 391. *Gunn* v. *Butler*, 18 Pick. 248. But the report shows that all that part of the consideration of the original conveyance which was ever paid in money was paid by the wife, and that she could not read or write and at the time supposed that the conveyance was taken in her name. Under the circumstances of this case, if the subsequent conveyance from the husband to the wife was made for the purpose of correcting the mistake, and of transferring to her the fee of the land to which, by reason of such payment by her of the consideration of the original conveyance, she was justly and equitably entitled, whether a trust could or could not have been enforced in her favor, the conveyance to her was for a sufficient consideration to make it valid, even as against existing creditors of the husband, unless it was made with an

actual purpose to defraud them; and such fraud has been nega tived by the finding of the jury, which distinguishes the case from that of *Smith* v. *Lane*, 3 Pick. 205. *Bullard* v. *Briggs* 7 Pick. 533. *Forbush* v. *Willard*, 16 Pick. 42.

2. The provision of the St. of 1862, c. 198, § 1, that any property employed by a married woman in doing business on her separate account shall not be allowed to be claimed by her as against the creditors of her husband, but may be taken on attachment or execution against him, unless she files a certificate in the office of the town or city clerk, stating the name of her husband and the place and nature of the business, manifestly applies to her personal property only, which at common law would have become her husband's absolutely, and of dealings with which such clerk's office is, according to our statutes, the appropriate place of record and not to her real estate, in which her husband never would have taken more than a life interest, and all instruments affecting which should properly be recorded in the registry of deeds.

*Judgment for the tenant.*