ANNA B. BASSETT *vs.* ISAAC M. BASSETT.

A contract between husband and wife for the payment of money has no validity at law.
A refusal to perform a promise to repay money lent is not a conversion.

CONTRACT, with a count in tort. The first count was on a promissory note dated May 1, 1869, for $620; payable to the plaintiff in three equal instalments on November 1, 1869, May 1, 1870, and November 1, 1870; signed by the defendant and one Henry C. Goodrich, of California. The second count was for $620, money had and received by the defendant on or about May 1, 1869, to the plaintiff's use, with interest. The third count was in tort, being trover for $620 of the plaintiff's money alleged to have been converted by the defendant to his own use prior to the date of the writ. The same money was sought to be recovered in each count. The defendant in his answer denied each and every allegation in the declaration, and alleged that the plaintiff, before the defendant received the money, was, and ever since had been, his wife.

Trial in the Superior Court, without a jury, before *Wilkinson*, J., who, upon the following facts, found for the defendant, and reported the case for the consideration of this court.

The plaintiff was married to the defendant May 3, 1866. The money claimed in this suit was hers before marriage, being the earnings of her personal labor. After marriage, at the request

of her husband, she let him have at different times sums of **money** amounting in the whole to $620, on his oral promises to return it to her.   On May 1, 1869, she received the note described in the first count.   The parties had not lived together since May 1, 1869, but still sustained the relation of husband and wife.   The plaintiff, through a third person, demanded the money of the defendant several times shortly prior to the date of the writ.   He, from alleged inability, declined to let her have it.

The case was submitted upon briefs.

*J. S. Abbott*, for the plaintiff.

*M. F. Dickinson, Jr.*, for the defendant.

GRAY, J.   The defendant is not liable upon either of the counts in contract, because no contract between husband and wife for the payment of money has any validity at law.   *Ingham* v. *White*, 4 Allen, 412.   *Gay* v. *Kingsley*, 11 Allen, 345.   *Chapman* v. *Kellogg*, 102 Mass. 246.

Nor can he be charged upon the count in tort in the nature of trover, because the money sued for was voluntarily paid to him by the plaintiff, and the mere refusal to perform his promise to return an equal sum to her does not constitute a conversion of the money so received by him.

These reasons being decisive of the case, it is unnecessary to consider the difficulties in the way of allowing a wife to maintain any action whatever against her husband.   See *Lord* v. *Parker*, 3 Allen, 127, 130.                            *Judgment for the defendant.*