## EMILY JACOBS *vs.* JOHN B. HESLER.

A conversation between husband and wife held in the presence of young children of the family only, who are not shown to have taken any part in, or paid any attention to it, is a private conversation within St. 1870, c. 393, § 1, forbidding husband or wife to testify as to private conversations with each other.

When a wife places in her husband's hands money that is her separate property, the presumption, in the absence of evidence that he receives it in trust for her, is that he can use it as his own.

BILL IN EQUITY, alleging that the plaintiff married Geo. A. Jacobs December 20, 1864; that he died August 28, 1870; that the defendant was appointed administrator of his estate; that during the marriage the plaintiff had $918.11, which was her sole and separate property; that she delivered it to her husband in trust to invest it for her in United States bonds, and to deliver to her the bonds to be held by her as her own property; that he received the money on the trust; that he did not invest it or any part of it, or deliver to her any bonds; that he died without performing the trust, or restoring to her the money, and refused to execute the trust or restore the money; that she believes he wrongfully, without her knowledge or consent, appropriated the money to his own use; that the final account of the administrator has not been settled; that he has several thousand dollars in his hands as assets of the estate; that the estate was represented insolvent June 7, 1871; that commissioners were appointed who, December 19, 1871, returned a list to the Probate Court of all

claims laid before them with the sum allowed on each claim ; that no decree of distribution has been made; that the complainant presented her claim to the commissioners ; that it was allowed by them and returned on the list to the amount of $707.81 ; that Ira F. Jacobs, a creditor, for himself and on behalf of an heir, appealed from the allowance of her claim to the Superior Court, where the case is now pending ; that she is advised that she cannot successfully maintain her claim in that action, and has no plain, adequate and complete remedy at law.

The bill then · alleged that the administrator was bound in equity to execute the trust, and should be required to apply and appropriate of moneys in his hands, the sum of $918.11 upon a trust to invest it for her, and to deliver to her the bonds, or that the court should decree that the plaintiff might be admitted to share *pro ratâ* with the creditors of the estate as to the sum of money received from her by her husband, in the distribution of the effects of the estate, and that the list might be changed accordingly, or that the court would order the administrator to retain a sum sufficient to satisfy the claim of the plaintiff, which should not be distributed to creditors, but should abide the final decree in this suit.

The bill asked that the administrator might be enjoined against paying out, under any decree of distribution of the Probate Court, the sum of $918.11, which the plaintiff prayed might be held and applied on the trust, and against including that sum in his inventory, accounts or, settlement of the estate, and for further relief.

The answer denied that the plaintiff at the time of her marriage was possessed of $918.11 as her sole and separate property, and that she delivered it or any part of it to her husband, in trust as alleged, and that he received the money on the trusts alleged. And alleged that, if the plaintiff ever did let her husband have any money during the continuance of the marriage, the money was used by him in his lifetime in his business, and that the plaintiff had knowledge of and consented to its use, and he denied any wrongful appropriation by him of the money to his own use.

The plaintiff filed a general replication.

The case was referred to a master to hear the parties, find the facts in issue on the pleadings, and report such portions of the evidence as either party might desire.

The master found that the money was placed in the husband's hands for the purpose, as made known to him, of having him invest it for the wife in United States bonds ; that he received it for that purpose, and promised her that he would so invest it, but that he used it in his business without her knowledge, and that it had never been repaid or returned to her. . These facts were found upon the evidence, which was reported.

But if the court should be of opinion that so much of the evidence as consisted of conversations between the plaintiff and her husband was not competent and ought not to have been admitted, then the master found that the money was the separate estate of the plaintiff ; that she placed it in her husband's hands, but not for the purpose of being invested in United States bonds, or otherwise ; that he never agreed so to invest it ; that it was used by him in his business ; but that it did not appear that it was placed in his hands to be so used, or was so used with her knowledge.

It appeared from the evidence reported that the conversations referred to took place " in presence of the family," which consisted, beside the husband and wife, of five children, the oldest of whom was eleven years of age.

The defendant excepted to the master's report, because :

1. The evidence of the conversation between the plaintiff and her husband was improperly admitted.

2. The evidence reported, or so much thereof as is competent, does not warrant the following findings, or any of them, namely : That the money in question was placed in the hands of the plaintiff's husband for the purpose, as made known to him, of having him invest it for her in United States bonds ; and that he received it for that purpose ; that he promised her that he would so invest it ; that he used it in his business without her knowledge ; that the same has never been repaid or returned to her.

3. The trust set forth in the plaintiff's bill is not supported or proved by the findings of the master, or by the competent evidence reported by the master.

The plaintiff excepted to the master's report, because the master should have found that the money was placed by the plaintiff in the hands of her husband for the purpose of being invested in United States bonds or otherwise, and that he agreed so to invest it, and that it was used by him in his business without the plaintiff's knowledge, even if so much of the evidence reported as consists of conversations between the plaintiff and her husband was incompetent and should have been excluded.

The case was heard by *Gray*, C. J., and reserved upon the pleadings, the master's report and the exceptions thereto, for the consideration of the full court.

*H. B. Staples & F. P. Goulding*, for the plaintiff.

*T. L. Nelson & A. J. Bartholomew*, for the defendant.

GRAY, C. J.* The conversation between the husband and wife appears by her testimony to have been had in the presence of no other person except their family of young children, who are not shown to have taken any part in or paid any attention to the conversation. It must therefore be deemed incompetent evidence as a private conversation between husband and 'wife. *Dexter* v. *Booth*, 2 Allen, 559. *Bliss* v. *Franklin*, 13 Allen, 244. St. 1870, *c.* 393, § 1.

This evidence being laid out of the case, the only facts, proved by competent testimony, or found by the master, are that the money was the separate property of the wife, placed by her in her husband's hands, and afterwards used by him in his business. There is no proof, on the one hand, that she intended that it should be, or knew that it had been, so used ; nor, on the other, that he received it on any agreement or trust for her benefit, or that she, during the six years that afterwards elapsed before his death, made any claim to it.

Upon these facts, we are of opinion that the bill cannot be maintained. A husband and wife cannot make contracts with each other ; and, though he may doubtless be a trustee for her, yet when a wife with her own hand pays money of her separate

* This case was argued at Boston in November before all the judges but AMES and DEVENS, JJ.

property to her husband, there is no presumption that he receives it in trust for her, but the burden is on her to prove the fact. In the absence of such proof, the money must be deemed to have - been given to him with the intention that it should be applied to the use or benefit of either or both of them at his discretion. *Caton* v. *Rideout,* 2 Hall & Twells, 33, 41; *S. C.* 1 Macn. & Gord. 599, 603. *Turner* v. *Nye,* 7 Allen, 176. *McCluskey* v. *Provident Institution for Savings,* 103 Mass. 300. *Bassett* v. *Bassett,* 112 Mass. 99.

The result is that the plaintiff's exceptions to the master's report are overruled, the defendant's exceptions sustained, and the                                         *Bill dismissed, with costs.*