## JANE TOWLE *vs.* ALBERT TOWLE.

A promissory note made payable to a married woman at the request of her husband, upon a consideration moving solely from him, is a voluntary gift from the husband, and she does not, under Gen. Sts. *c.* 108, § 3, acquire a title to it as her sole property free from his control; nor can she maintain an action upon it in her own name.

CONTRACT on two notes for $500 each, made by the defendant and payable to the plaintiff's order. Writ dated May 13, 1872.

At the trial in the Superior Court, before *Putnam,* J., the evidence tended to show that the plaintiff was a married woman, and that she gave no consideration for the notes; that they were made by the defendant payable to her order, at the request of her husband, on the purchase from him by the defendant of a stock of goods, and that the husband himself put them into the hands of the plaintiff. There was evidence on the part of the plaintiff tending to show that the notes were so made for the purpose of enabling her husband to make an absolute gift of them to her. There was evidence on the part of the defendant tending to show that the notes were made to the wife, and put in her hands by the husband, without the intention of making them hers, but to put them beyond the reach of a creditor, who had then arrested the husband, or was then threatening him with arrest. The notes were afterwards given by the plaintiff to her husband for the purpose of safe keeping, as she testified, and he gave them to the defendant. The evidence on the part of the defendant was that they were delivered up to him by the husband in settlement of the husband's indebtedness to him.

The defendant asked the judge to rule that the plaintiff could not recover in this action unless the jury were satisfied that the notes were her sole and separate property, and that causing the notes to be made payable to her in the manner in which they were made and afterwards giving them to her, did not necessarily

make them her sole and separate property, and that if he did not intend to part with the title to the notes, but merely to conceal them from his creditors, they did not become her sole and separate property, and her husband should have been joined in this suit.

The judge declined so to instruct the jury, but instructed them that the husband might in this way make a gift of them to the wife, and thus make them her sole and separate property; that it made no difference as to the defendant, who was not then a creditor, that the intention of the husband in so doing was to put them out of the reach of a creditor who was at the time threatening him. But that if the jury found that the notes were not thus given by him to his wife as a gift, but simply put into her hands for the purpose of putting them out of the reach of creditors, and the wife returned them to him, and he gave them to the defendant in settlement, *bonâ fide*, of his indebtedness to him, they should find for the defendant; otherwise, for the plaintiff.

The jury found for the plaintiff, and the defendant alleged exceptions.

*J. D. Thomson*, for the defendant.

*B. C. Moulton*, for the plaintiff.

MORTON, J. The common law is so far modified by our statutes, that a married woman may hold as her sole and separate property, free from the control of her husband, any real and personal property which comes to her by descent, devise, bequest and gift or grant of any person except her husband. But the statute does not extend to property acquired by her by a gift from her husband; and as to such property the rules of the common law apply. Gen. Sts. *c.* 108, §§ 1–10.

The note in suit was made payable to the plaintiff at the request of her husband, and without any consideration moving from her. Viewing the facts in the light most favorable to her, it was a voluntary gift to her from her husband. By such gift she did not acquire a title to it, as her sole and separate property, free from his control and exempt from liability for his debts. It is true that if she had survived him, and he had done nothing to reduce it to possession, and it was not needed for his creditors, she could

hold it against his lega. representatives. *Mc Cluskey* v. *Provident Institution for Savings,* 103 Mass. 300, and cases cited. But during his life, the rules of the common law apply to it, and he had the right to reduce it to possession. So long as he and his wife were both living, the entire *jus disponendi* was in him. *Allen* v. *Wilkins,* 3 Allen, 321. *Coombs* v. *Read,* 16 Gray, 271.

It appears from the bill of exceptions that the plaintiff's husband gave up the note to the defendant, as he claimed, in payment of a debt due to him. Her husband had a right to make this disposition of the note. It was a reduction to his possession of a chose in action held by his wife, and extinguished the note.

The instructions given at the trial were based upon a different view of the law, and were therefore erroneous.

*Exceptions sustained.*


The case was again tried in the Superior Court, before *Aldrich,* J., when it was admitted by the parties that the notes were given by the defendant for property sold to him by the plaintiff's husband; that no part of the consideration for the notes moved from the plaintiff; that the notes were made payable to her at her husband's request; that the suit was prosecuted with his knowledge and assent for her sole benefit.

The plaintiff offered evidence to show that soon after the date of the notes her husband delivered them to her as a gift, and that they had not since been reduced to possession by him.

The defendant contended and offered evidence to prove that the notes were delivered to the plaintiff by her husband only for the purpose of safe keeping, and that they were afterwards delivered by her to him, and by him were delivered up to the defendant on a settlement between them, and that they were afterwards destroyed by the defendant.

Certain interrogatories were propounded to the jury, which, with the answers thereto returned by them, were as follows:

" Were the notes delivered to the plaintiff by her husband as a gift?" " Yes."

" Were the notes delivered to the plaintiff by her husband only for the purpose of safe keeping?" " No."

" If the notes were delivered to the plaintiff by her husband as a gift, did he afterwards, and before the commencement of this suit, retake the notes into his possession as his own property, for the purpose of using them in a settlement with the defendant ? " " No."

" If the plaintiff redelivered the notes to her husband, did she do that for the purpose of having him deposit them for her in some place of safety ? " " Yes."

" Or did she deliver them to her husband as his own property ? " " No."

Upon the admitted facts and the special findings of the jury, the court ordered judgment for the defendant, on the ground that if any title to the notes passed to and vested in the plaintiff by the gift from her husband, she held them as choses in action, subject to the right of the husband's creditors, if he had any, and subject to his right to reduce the notes into his own possession; and that whatever might be the true construction of St. 1874, *c.* 184, § 3, enlarging the rights of married women to sue, it did not apply to this case, which was commenced long before the passage of that act; and reported the case for the determination of this court.

Upon this report, the case was argued in March, 1875, by the same counsel.

MORTON, J. At the former hearing of this case, upon the facts as then presented, it was held that the notes in suit, having been given to the plaintiff by her husband, did not become her sole and separate property, but that the *jus disponendi* remained in him. It appeared at the second trial, by the special findings of the jury, that the notes were delivered to the plaintiff by her husband as a gift, and that the husband had not exercised his right to reduce them to his possession. It also appeared that this suit was prosecuted by the wife with his assent. Upon these facts, the court ruled that the plaintiff held the notes as choses in action, subject to the rights of the husband's creditors, and that she could not maintain this action. We are of opinion that this ruling was correct. By the common law, a wife cannot, during coverture, maintain a suit upon notes payable to herself. Our

statutes in force when this suit was commenced enable a married woman to sue "in all matters having relation to her separate property, business, trade, services, labor and earnings, in the same manner as if she were sole." Gen. Sts. *c.* 108, § 3. But this does not remove the common law disability of a married woman to sue in any matter not embraced by the statute.

The assent of the husband cannot confer upon the wife the right to sue in her own name, and thus defeat the rights which the defendant, as a creditor of the husband, may have to avail himself of the notes as the property of the husband by set-off or otherwise.

It is not necessary to consider the effect of the St. of 1874, *c.* 184, § 3, in such a case, as it was passed after this suit was commenced, and cannot be held to apply to this case. *Hill v Duncan*, 110 Mass. 238. *Judgment for the defendant.*