BRIDGET HAWKINS *vs.* PROVIDENCE AND WORCESTER RAILROAD COMPANY.

Bristol.    Oct. 28, 1875. — March 27, 1876.    MORTON & LORD, JJ., absent.

Personal apparel furnished by a husband to his wife, or purchased by the wife, with the consent of her husband, with money given her by him from a fund formed by their joint earnings, remains the property of the husband, and the wife cannot maintain an action against a carrier for the loss thereof.

CONTRACT, with a count in tort, for the loss of certain articles of personal property, delivered to the defendant corporation for transportation from Worcester to Providence, the plaintiff being a passenger at the time.

At the trial in the Superior Court, before *Pitman*, J., it appeared in evidence, on the part of the plaintiff, that, prior to the bringing of this suit, she and her husband lived together as husband and wife; that she and her husband had worked in a mill, and that he had delivered to her from time to time his earnings, and that she had mingled with them her own earnings; that the articles mentioned in the declaration, and described therein as clothing suitable for her, were by her purchased and used for her personal apparel, by consent of her husband, with money given her by him from the fund formed

by their joint earnings. The defendant asked the judge to direct a verdict for the defendant; the judge refused so to do, and the defendant excepted.

The defendant asked the judge to instruct the jury as follows:

"If the plaintiff purchased the goods with her husband's permission, and with his money, she cannot recover. If the plaintiff was earning money, and mixed it as earned and received with her husband's earnings, and from their joint earnings she, with his consent, purchased the property, she cannot recover.

"If a married woman, not having filed a certificate under the statutes, mingles her earnings with those of her husband, clothing purchased by her from the joint fund would be property of her husband."

The judge refused so to rule, and instructed the jury as follows: "If the wife purchased the articles with the husband's money, given her by him, or with her own money, or with money from a fund created by mingling the earnings of wife and husband, she would have such a title to these articles of her personal apparel as would enable her to recover their value in this action."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions to the refusal to rule as requested, and to the rulings given.

*J. Hopkins*, for the defendant.

*B. K. Lovatt*, for the plaintiff.

AMES, J.   The statutes which from time to time have been enacted in this Commonwealth, for the purpose of enlarging the rights and privileges of married women, have not in terms made any specific regulations in regard to the ownership of their wearing apparel. Except in cases where the wife herself purchases it with her own separate money or earnings, that matter remains exactly as it stood at common law. At common law, the husband is bound to maintain the wife, and to provide her with suitable clothing appropriate to their degree and his own circumstances and social position. If the articles of clothing and personal ornament appropriate for her are purchased with his money or upon his credit, the fact that they are selected and purchased by her, and are intended for her personal and exclusive use, does not render them any the less his property. In

this respect, the clothing of the wife comes under the same general rule as the clothing of the minor children in the same family. The provision of the Gen. Sts. *c.* 96, § 4, that "the articles of apparel and ornament of the widow and minor children of a deceased person shall belong to them respectively," furnishes a strong implication that, without such a provision, they would constitute a part of the assets of the deceased person's estate, and would be liable as such to be sold for the payment of his debts. It was to prevent the distress and inconvenience in this respect, which would result from the common law rule as to such property, that this statute regulation was found to be necessary. The provision of the Gen. Sts. *c.* 133, § 32, among the "articles of the debtor" exempt from attachment for his debts, includes the "necessary wearing apparel of himself and of his wife and children;" a provision which would be wholly unnecessary if these articles were not his property.

The property sued for in this action consists mainly of the plaintiff's personal clothing; and if it had been purchased by her with her own money, that is to say, with money which was literally her own, and belonged to herself separately and exclusively, the action in her name might well be maintained. But we find nothing in the facts reported to support that view of the case. On the contrary, we find that the relation in which she and her husband stood to each other was exactly the ordinary relation of husband and wife as it stood at common law, unaffected by any of the recent legislation upon that subject. It does not appear that she had any separate property of her own, or that she was following any trade or business of her own, requiring a certificate to be filed in pursuance of the St. of 1862, *c.* 198. She and her husband worked in the same mill, and under the St. of 1874, *c.* 184, § 1, the work and labor of a married woman shall be presumed to be on her separate account. Under that statute, therefore, she could have kept her earnings separate, if she saw fit to do so. But this is a privilege which she might waive, and her allowing them to be mingled with those of her husband would be *primâ facie* evidence that she had done so. *Kelly* v. *Drew*, 12 Allen, 107. The money with which she purchased the clothing described in the declaration appears from the bill of exceptions to have been given to her by her husband from

a fund made up of her and his earnings. We see no ground on which we can say that this joint fund, or any part of it, was her separate property. She was the custodian, but did not thereby become exclusively the owner of it. And, as we must assume that this fund was used in paying the necessary expenses of the family, the presumption referred to in the statute last quoted is effectually rebutted. The husband was legally responsible for these expenses, and the fund was his property. The case does not resemble, as it is suggested by the plaintiff's counsel, the case of a wilful confusion of goods. The money given to her from that fund was her husband's money and not hers, intrusted to her as his agent, and, in pursuance of his legal obligation to support and clothe her, to be used in payment of articles which he was bound to supply, and which might properly be charged to him. There can be no valid gift of money or property by the husband to the wife. Gen. Sts. *c.* 108, § 10. *Thomson* v. *O'Sullivan,* 6 Allen, 303. *Baxter* v. *Knowles,* 12 Allen, 114. It would remain his property notwithstanding such gift.

In this view of the case, the instructions requested by the defendant should have been given, and those actually given were incorrect and inappropriate.          *Exceptions sustained.*