### Lydia A. Brown *vs.* Eliphalet S. Wood.

Worcester.  October 4. — 23, 1876.  Colt & Morton, JJ., absent.

Under the St. of 1870, *c.* 393, § 1, *cl.* 1, the testimony of a wife, as to a transaction between her husband and herself when no one else is present, is inadmissible.

The testimony of witnesses to statements made to them by a husband and wife in regard to a transaction between them when no one else was present, is inadmissible.

Replevin of a horse and other personal property, attached by the defendant, as a deputy of the sheriff of Worcester, on a writ against F. P. Brown, in favor of one Lincoln and others. Trial in the Superior Court, before *Putnam,* J., who allowed a bill of exceptions in substance as follows : .

The plaintiff, to prove her title to the property, put in a bill of sale from Jacob S. Miller to her, dated May 7, 1875, and it appeared that F. P. Brown was her husband, and, on May 7, 1875, owned the property and made a bill of sale thereof to Miller, who then made the bill of sale to the plaintiff, it being one transaction, and made for the purpose of conveying the property to the wife.  There was no delivery of the property by F. P. Brown to Miller, excepting the delivery of the bill of sale, and the fact that Miller went upon the premises where the plaintiff and her husband lived and where the property was kept, and placed his hands upon each article of the property and made a formal delivery thereof to the plaintiff.  There was no change in the actual situation and use of the property at the time of said delivery; but it was situated at the time in buildings, of which the plaintiff was lessee, and remained there and was used by F. P. Brown, the same after as before.  No consideration was paid for the transfer of said property, except as hereinafter appears.  At the time these bills of sale were given, F. P. Brown was insolvent, and the plaintiff knew it.

The plaintiff testified that she was married to F. P. Brown in 1871 ; and that when she was married she had about $500 of her own money that she had earned; that at several times she lent her husband three or four hundred dollars, and he repaid her; that about September 1, 1872, she let her husband have three hundred dollars, to put into his business, which he did, and never restored it to her, and that she took this property as repay-

ment of the money that she had lent to him. The fact of the loan was testified to by other witnesses, to whom both the husband and wife had stated that this loan had been made by her to him, but their testimony was only as to the statements of the husband and wife. This evidence was admitted subject to the defendant's objection. At the close of the plaintiff's case, she was recalled, and testified, in answer to a question of the defendant's counsel, that they were alone at their house when she made this last loan to her husband.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*F. P. Goulding*, for the defendant, was stopped by the court.

*H. C. Hartwell*, for the plaintiff, was first called upon.

DEVENS, J. In order to prove a consideration for the bill of sale of the property conveyed to her (through a third person) by the husband, the plaintiff endeavored to show that it was made in repayment of a loan by her. The transaction upon which she relied was one which took place between the husband and wife when no one else was present, and her statement that it was a loan necessarily involved a statement that, when the money was delivered by her, there was in some form a promise on the part of the husband to repay. A mere delivery of money by the wife to the husband would not raise a presumption that the money was to be repaid by him. *Jacobs v. Hesler*, 113 Mass. 157. The testimony of the wife was therefore objectionable as being her statement of the contract, which was immediately in issue, made in a private conversation with her husband, and is excluded by the terms of the statute. St. 1870, c. 393, § 1. *Jacobs v. Hesler, ubi supra*, and cases cited. The testimony of the witnesses, to whom the husband and wife had both stated that it was a loan, was even more objectionable, as it was necessarily only a repetition of what the husband or wife had stated to have been the substance of their conversation. The learned judge therefore erred in admitting this testimony, and it was not shown by competent testimony that the relation of debtor and creditor (assuming that it could exist) ever had existed between the husband and wife.

Whether, if it had been established by competent testimony that there was a promise by the husband of repayment of the

money, such promise would have rendered the conveyance by the husband, as regards the rights of creditors, other than a vol untary one, need not be considered. *Bassett* v. *Bassett*, 112 Mass. 99. It is to be observed that there was no claim that the money had been delivered to the husband upon any specific trust to be by him invested in any property or estate for the benefit of the wife, or even that the property transferred to her was purchased by this money. *Bancroft* v. *Curtis*, 108 Mass. 47. *Hayward* v. *Cain*, 110 Mass. 273. *Exceptions sustained.*