MARGARET E. DEGNAN *vs.* EPHRAIM W. FARR.

Suffolk. November 15, 1877. — February 26, 1879.

To secure a loan made by a wife to her husband of money which came to her before marriage, the husband, in 1875, executed a mortgage of personal property to A., to secure the payment of a promissory note of even date, signed by the husband, and payable to A. or order. On the same day, A. executed a deed on the back of the mortgage, assigning to the wife the mortgage deed, the note and claim thereby secured, and all his right, title and interest in the property mortgaged; but did not indorse the note. *Held*, that the wife, after a demand under the Gen. Sts. *c.* 123, § 63, could maintain an action against an officer, who attached the mortgaged property on a writ against the husband. *Held, also,* that she might properly, in her demand upon the officer, describe the sum due upon the note as due to her upon the mortgage.

TORT in the nature of trover. Trial in the Superior Court before *Gardner*, J., who, after verdict for the plaintiff, reported the following case for the determination of this court:

On December 2, 1875, Patrick F. Degnan executed a mortgage of personal property to Thomas Higgins, to secure the payment of a promissory note of that date for $2000, signed by Degnan, and payable to Higgins or order in one year, with interest at the rate of seven per cent per annum. On the same day, Higgins executed on the back of the mortgage a deed, assigning to the wife of the mortgagor " the within mortgage deed, the note and claim thereby secured, and all my right, title and interest in the personal property thereby conveyed." The mortgage and assignment were duly recorded in the city clerk's office. The note and mortgage were made and assigned in this manner, to secure to the wife repayment of a loan by her to her husband of money which came to her before marriage.

On January 3, 1876, the property was attached by a constable of Boston upon a writ sued out against the husband by one of his creditors, which was duly returned into court. On the next day the wife made a demand in writing upon the officer of " the sum of two thousand dollars, with interest thereon at seven per cent per annum from December 2, 1875, which is the amount now due me on a mortgage given by Patrick F. Degnan to Thomas Higgins, and assigned to me by said Higgins," and further describing the mortgage and assignment by their dates and records and as covering the property now held by the offi-

cer " on attachment at number 137 Tyler Street, in said city, as the property of the said Patrick F. Degnan." This demand not having been complied with, the wife brought this action against the attaching officer.

The defendant contended that the note of the husband, when assigned to the wife, was extinguished, that the demand of payment was therefore invalid, and that the action could not be maintained.

The judge ruled that the plaintiff had such title by the mortgage as to enable her to maintain this action, and directed a general verdict for the plaintiff. If, in the opinion of this court, the plaintiff, having no title or claim to the property except as assignee of the mortgage as aforesaid, could not maintain her action, judgment was to be entered for the defendant; but, if the court should be of opinion that the verdict should stand, the case was to be referred to an assessor to determine the amount of damages, upon whose award final judgment should be entered.

*A. Russ & D. A. Dorr*, for the defendant.

*C. H. Chellis*, for the plaintiff.

GRAY, C. J. The judge rightly refused to rule as requested by the defendant. If the note made by the husband had been indorsed as well as assigned by the payee to the wife, so as to pass both the legal and the equitable title in it to her, the note might, in law at least, have been extinguished, because of her incapacity to be a party to a contract with, or to an action against, her husband. *Chapman* v. *Kellogg*, 102 Mass. 246. *Abbott* v. *Winchester*, 105 Mass. 115. But as the note is only shown to have been assigned to the wife, and does not appear to have been indorsed to her, (and the counsel, upon being inquired of, have stated that no evidence upon this point was introduced,) the note remained in full force, and might have been sued against her husband, in the name of the payee, for her benefit. *Stearns* v. *Bullens*, 8 Allen, 581. *Amherst Academy* v. *Cowls*, 6 Pick. 427. *Tucker* v. *Tucker*, 119 Mass. 79.

By the assignment of the mortgage, the legal as well as the equitable title in the mortgaged property vested in the wife, although she could not, for the like reason, foreclose it while her husband continued to own the equity of redemption. *Stetson* v. *O'Sullivan*, 8 Allen, 321. *Bemis* v. *Call*, 10 Allen, 512. *Tucker* v. *Fenno*,

110 Mass. 311. *Model Lodging House Association* v. *Boston*, 114 Mass. 133. *Cormerais* v. *Wesselhoeft*, 114 Mass. 550. The wife, being the lawful holder of a mortgage of personal property, duly recorded, might maintain any action necessary to protect her title or possession thereof against a third person. *Boise* v. *Knox*, 10 Met. 40. *Landon* v. *Emmons*, 97 Mass. 37. *Meserve* v. *Meserve*, 63 Maine, 518. And she might well, in her demand upon the attaching officer, under the Gen. Sts. *c.* 123, § 63, describe the sum due upon the note held by the payee for her benefit, and secured by the mortgage held by herself, as due to her upon the mortgage. *Bicknell* v. *Cleverly*, 125 Mass. 164.

The case of *Phillips* v. *Frye*, 14 Allen, 36, cited for the defendant, is essentially different from the case before us. In that case, the note and mortgage executed by the husband to a third person for the benefit of the wife, which were held invalid and incapable of being enforced against the husband's estate after his death, were made in 1853, to secure the repayment to her of money which she had previously applied to the payment of his debts, and which was not shown to have been secured to her sole and separate use, by deed or will, under the St. of 1845, *c.* 208, and which therefore, under the then existing laws, might be reduced to possession or used by the husband; and had, by the payment of his debts, been effectually applied to his use without creating any legal or equitable liability on his part; so that the note and mortgage subsequently executed by him were purely voluntary and without any legal consideration. See 14 Allen, 38; *Alexander* v. *Crittenden*, 4 Allen, 342; *Dunn* v. *Sargent*, 101 Mass. 336.

In the present case, the defendant does not appear to have denied that the wife, under the Gen. Sts. *c.* 108, § 1, had the absolute ownership of the money received by the husband, or that the note and mortgage made by him to secure the payment of that amount to Higgins for the benefit of the wife were originally valid; but the defence appears to have been rested solely upon the position that the note was extinguished by being assigned to the wife. As this defence, for the reasons already stated, cannot be maintained, the case must, according to the terms of the report, be *Referred to an assessor.*