REBECCA McCOWAN vs. GEORGE DONALDSON.

Bristol.   Oct. 28, 1879. — Jan. 19, 1880.   COLT & AMES, JJ., absent.

If a husband buys a chattel for his wife as her property at a certain price, part of
which he agrees to pay by releasing a debt due him from the seller, and the
balance of which his wife pays, receiving at the same time from the seller a
bill of parcels stating a sale from the seller to her for the price agreed, the
title to the chattel is in the wife; and she may maintain an action of replevin
for it.

REPLEVIN of a cow.   The answer denied the plaintiff's title.
Trial in the Superior Court, before *Pitman*, J., who reported
the case for the consideration of this court, in substance as fol-
lows:

The plaintiff, to prove her title, called her husband, who
testified that, in March 1876, he bought, for $75, a cow and two
calves, one of which had become the cow in question, of Ralph
King, for the plaintiff, his wife, as her property; that he agreed
to cancel or release a debt of $40 then due from King to
him, and his wife was to pay the balance, to amount to the sum
of $75, which was to be the price of the cow and calves; that
she did pay the said balance of $35, and received from King at
the time the following bill of parcels or memorandum: " Free-
town, March 10, 1876. Sold to Rebecca McCowan one cow
and two calves for the sum of seventy-five dollars. Received
payment.   Ralph King."

This was all the evidence offered by the plaintiff to prove her
title; and the judge thereupon ruled that, as matter of law, the
title was not in the plaintiff, and directed a verdict for the de-
fendant.   If the ruling was erroneous, the verdict was to be set
aside, and a new trial granted; otherwise, judgment on the
verdict.

*J. M. Morton, Jr.*, for the plaintiff.

*M. G. B. Swift*, (*H. K. Braley* with him,) for the defendant.

GRAY, C. J.   In this Commonwealth, a married woman, though
she cannot acquire property by contract or gift directly from her
husband, may acquire it either by purchase or by gift from a
third person, and may assert her rights therein by a suit in her
own name against any person but her husband.   Gen. Sts. c. 108,

§§ 1, 3. St. 1874, *c.* 184, §§ 1, 3. *Degnan* v. *Farr*, 126 Mass. 297. She may make such purchase, either by her own act, or through her husband or any other person as her agent. If the purchase is made in her behalf, and the property is transferred by the seller to her, the fact that the husband himself pays part of the price to the seller does not make the sale from the latter to the wife a gift from the husband to her of the property sold. *Adams* v. *Brackett*, 5 Met. 280. *Fisk* v. *Cushman*, 6 Cush. 20.

In the case at bar, the husband testified that he bought the cattle for his wife as her property at a certain price, part of which he agreed to pay by releasing a debt due him from the seller, and the rest of which the wife was to pay and did pay, receiving at the same time from the seller a memorandum or bill of parcels stating a sale from the seller to her for the price agreed. It was admitted at the argument that, upon this report, the property is to be assumed to have been delivered to the wife. That the husband, in saying that he bought the cattle "for his wife as her property," meant that he acted as her agent in the purchase, and not that he bought the property himself in order to give it to her, is made plain by his further statement that he agreed she should pay, and that she did actually pay, part of the price, which clearly implies that his position in the matter was that of an agent assuming and authorized to bind his principal to do something, and not that of a husband buying property for a present to his wife. The ruling that, as matter of law, the title was not in the plaintiff, was therefore erroneous, and the verdict directed for the defendant must be set aside.

The case differs in its facts from those on which the defendant relies, of *Towle* v. *Towle*, 114 Mass. 167, and *Hawkins* v. *Providence & Worcester Railroad*, 119 Mass. 596.

In *Towle* v. *Towle*, the action was brought by the wife on promissory notes received by the husband in payment for a sale by him of his own goods, (without any consideration moving from her,) and, at his request, made payable to her and delivered by him to her for the purpose of making an absolute gift to her of the notes. It was held that these facts, taken most favorably to the wife, showed a voluntary gift to her from the husband, by which she did not, under the Gen. Sts. *c.* 108, acquire the sole and separate property, free from his control, which

would enable her to maintain an action thereon in her own name during his lifetime ; and the court reserved its opinion on the question, whether, if the case had arisen under the St. of 1874, the conclusion would have been the same.

In *Hawkins* v. *Providence & Worcester Railroad*, the property in question was bought by the wife with money, either given to her by her husband or taken by her from a fund which wholly belonged to him, although it included money previously added by her to the fund from her own earnings, but which, not being distinguishable from the rest of the fund, had ceased to be her separate property. See *Kelly* v. *Drew*, 12 Allen, 107 ; *M' Cluskey* v. *Provident Institution for Savings*, 103 Mass. 300, 306.

*New trial granted.*