ATLANTIC NATIONAL BANK *vs.* WILLIAM TAVENER & others.

Suffolk.    March 11, 1879. — Feb. 23, 1881.    MORTON, ENDICOTT & FIELD, JJ., absent.

If a wife lends money to her husband out of her separate estate upon his promise to repay it, and he, in repayment of that loan, and not for the purpose of hindering, delaying or defrauding creditors, conveys land to her through a third person, such conveyance is not voluntary, and is valid against his creditors.

WRIT OF ENTRY to recover a parcel of land in Boston.    Plea, *nul disseisin.*

At the trial in the Superior Court, before *Brigham*, C. J., the demandant proved that it discounted two notes in 1873, amounting to $560.71, upon which Bragdon, Tavener & Company, of which firm the tenant Tavener was a member, were indorsers; that it brought suit on these notes against the members of said firm, and the land in question was, on July 23, 1874, duly attached as the property of Tavener, standing in the name of his wife; that judgment was entered in that action against Tavener, on January 9, 1877, for $688.82; and that execution duly issued on the judgment, upon which all the right in equity which Tavener had, on July 23, 1874, of redeeming said land, was duly seized and sold by public auction, and conveyed to the demandant by sheriff's deed, dated March 17, 1877, and recorded June 12, 1877.

The tenant, William Tavener, testified that his firm failed in November 1873, and its creditors then agreed to accept a composition of sixty cents on the dollar; that forty per cent of its indebtedness was then paid to all creditors except the demandant, whose debt was not paid because said notes were indorsed by the firm for the accommodation of the maker, and the firm thought they ought not to be paid; that, in April 1874, he sold all his interest in the property and accounts of the firm to one Guernsey, for his notes for $2000; that, on June 23, 1874, having no property besides said notes and the land in question, he conveyed the land to his wife through a third person; that, prior to this time, the second payment due to the creditors of his firm had been paid by Bragdon & Guernsey, excepting the

debt due to the demandant; that there was then still due to the creditors of Bragdon, Tavener & Company about $9000; that, in July 1874, the affairs of Bragdon & Guernsey were put into the hands of a receiver, and nothing more was paid to the creditors of Bragdon, Tavener & Company; that the notes of Guernsey were dishonored, and all that the witness ever realized on the notes was $200 worth of flour; that his wife had lent him of her sole and separate money $1800 in 1863, $600 in 1869, and $1000 in 1872, upon his promise to repay her, with six per cent interest; that said land, on June 23, 1874, was worth $5000 or $6000, and was subject to a mortgage for $2000, and he conveyed it to his wife to repay her loans with interest; and that he never gave her a written obligation for these loans, and he had never paid her any interest.

It appeared that his wife died a year or two after the conveyance; and that the other tenants, who were her children and heirs, had occupied the land ever since that date.

The demandant requested the judge to rule as follows: " 1. The husband did not, as a matter of law, owe the wife at the date of the conveyance to her, and it was therefore voluntary. 2. If the money was given to Tavener by his wife, the conveyance was voluntary; and if he was insolvent, it is presumptive evidence that the conveyance was to hinder, delay and defraud his creditors. 3. If the money was lent to Tavener by his wife, the conveyance was voluntary; and if he was insolvent, it is presumptive evidence that the conveyance was to hinder, delay and defraud his creditors."

The judge gave the second instruction requested, declined to give the third, and further instructed the jury that, if the husband's purpose in making the conveyance was to remove the land from the reach of process by his creditors, and if his wife participated in that purpose, then it was to hinder, delay and defraud his creditors; but that he had a right to repay a loan to a creditor, and if that was his purpose, or if his wife did not participate in his purpose to remove the land from the reach of process by his creditors, the conveyance was not to hinder, delay or defraud his creditors.

The jury found specially, that the money delivered by the wife to her husband was a loan; that the husband did not convey

the land in question to his wife with the purpose thereby to hinder, delay or defraud the creditors of himself or of his firm and that, if he had such fraudulent purpose in that conveyance, his wife did not know or have reasonable cause to believe it, and did not take the conveyance in order to further that purpose.

The judge thereupon directed a general verdict for the tenants; and reported the case for the determination of this court, upon the question whether, upon the facts in evidence and the findings of the jury, this direction to the jury was erroneous. If it was, a new trial was to be ordered; otherwise, judgment to be entered on the verdict.

*T. L. Livermore,* (*F. P. Fish* with him,) for the demandant.

*J. D. Thomson,* for the tenants.

GRAY, C. J.  At common law, a husband could not contract with his wife; her money, not held to her separate use, coming into his possession, was his property; and his promise to repay such money to her could not be enforced, either at law or in equity. *Alexander* v. *Crittenden,* 4 Allen, 342.  *Turner* v. *Nye,* 7 Allen, 176.  *Phillips* v. *Frye,* 14 Allen, 36.  *Degnan* v. *Farr,* 126 Mass. 297, 299.  The statutes of this Commonwealth, enlarging the capacity of a married woman to hold and deal with property, have not enlarged the husband's capacity to contract with her, and have not, therefore, enabled him to make a contract with her which is binding at law.  Sts. 1855, *c.* 304; 1857, *c.* 249.  Gen. Sts. *c.* 108.  *Lord* v. *Parker,* 3 Allen, 127.  *Edwards* v. *Stevens,* 3 Allen, 315.  *Bassett* v. *Bassett,* 112 Mass. 99.

The question whether a loan by the wife to the husband of money which is her separate property, upon his promise to repay it, creates an equity in her favor, which a court of chancery will enforce, has not been determined in this Commonwealth. *Snow* v. *Paine,* 114 Mass. 520, 527.  *Brown* v. *Wood,* 121 Mass. 137, 139.  But it has generally, if not uniformly, been decided in the affirmative by other courts.  *Towers* v. *Hagner,* 3 Whart. 48.  *Johnston* v. *Johnston,* 1 Grant, (Penn.) 468.  *Kutz's Appeal,* 40 Penn. St. 90.  *Grabill* v. *Moyer,* 45 Penn. St. 530. *Babcock* v. *Eckler,* 24 N. Y. 623.  *Savage* v. *O'Neil,* 44 N. Y. 298.  *Steadman* v. *Wilbur,* 7 R. I. 481.  *In re Blandin,* 1 Lowell, 543.  And while there is nothing in our statutes concerning

married women to enlarge the capacity of the husband and wife to contract with each other, there is nothing to restrict their powers in this respect, or to impair the effect which courts of equity upon general principles accord to such contracts.

The jury in this case having found that the money delivered by the wife to the husband was by way of loan, and not of gift, and that his subsequent conveyance of land through a third person to her in repayment of that loan was not made with the purpose of hindering, delaying or defrauding creditors, that conveyance to satisfy his equitable obligation to his wife was not a voluntary conveyance, and was valid against his creditors. *Bullard* v. *Briggs*, 7 Pick. 533. *Forbush* v. *Willard*, 16 Pick. 42. *Stetson* v. *O'Sullivan*, 8 Allen, 321. *Bancroft* v. *Curtis*, 108 Mass. 47. *French* v. *Motley*, 63 Maine, 326. *Grabill* v. *Moyer*, *Babcock* v. *Eckler*, *Savage* v. *O'Neil*, and *Steadman* v. *Wilbur*, above cited. *Judgment on the verdict.*