SUSAN G. SPOONER *vs.* WALTER R. SPOONER.

Bristol.    October 28, 1891. — November 25, 1891.

Present: ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Husband and Wife — Promissory Note.*

If a husband borrows money from his wife and gives a promissory note to a third person to secure the repayment of the loan, the note is valid in its inception, and is not extinguished by being subsequently transferred to her in her husband's lifetime; and after the husband's death the note is a valid indebtedness against his estate, and the wife, as his administratrix, may maintain a petition in the Probate Court for license to sell real estate to raise money for its payment.

APPEAL from a decree of the Probate Court dismissing the petition of Susan G. Spooner, as administratrix of the estate of her late husband Walter Spooner, for a license to sell real estate for the payment of debts. The case was heard by *Knowlton, J.,* who reported it for the consideration of the full court, in substance as follows.

It appeared that the appellant advanced from her separate estate to her husband in his lifetime the sum of $1,075, and took in return therefor a note signed by her husband and payable to the order of Walter R. Spooner, and by him indorsed to the appellant in the lifetime of the husband. The note was indorsed at the time when it was made, and after being indorsed was delivered to the appellant. It was never in the possession of the payee except for his indorsement, and was delivered to the

appellant by the husband. The note and indorsement (except the signature of payee) was in the handwriting of the husband. There was no indebtedness of the estate except said note, and if this note should be paid it is necessary to sell a part of the real estate, and the petition should be granted.

*W. C. Parker*, for the appellant.

*E. L. Barney*, for the appellee.

ALLEN, J. It has often been held that a promissory note running directly from a husband to his wife, or *vice versa*, is void, and cannot be made valid by a transfer to a third person. *Woodward* v. *Spurr*, 141 Mass. 283, and cases there cited. But where a note given by a husband to a third person is valid in its inception, it does not become a nullity by being transferred to the wife, though she may not be able to maintain an action against him upon it in her own name. Thus, in *Butler* v. *Ives*, 139 Mass. 202, a wife borrowed money from her husband and made a note secured by mortgage therefor to a third person for her husband's benefit, and it was held that the note and mortgage were not extinguished by being subsequently assigned to the husband, though he could not enforce them by proceedings at law in his own name, and that the right to enforce them revived when they were transferred by him to a third person. See also *Degnan* v. *Farr*, 126 Mass. 297. In each of these last two cases the original transaction was a loan of money between husband and wife, and in each a note and mortgage were given to a third person for the purpose of securing the repayment of the loan. In each case it was considered that the note was valid in its inception, so that it might have been sued in the name of the payee for the lender's benefit. The circumstance that a third person was introduced as payee, merely for the purpose of avoiding the objection that husband and wife cannot contract directly with each other, did not render the note invalid. The present case falls within the doctrine thus established. The payee might have maintained an action upon the note. The consideration was sufficient. *Atlantic Bank* v. *Tavener*, 130 Mass. 407. *Nichols* v. *Nichols*, 136 Mass. 256. His title was in substantial particulars like that which existed in *Degnan* v. *Farr*, and *Butler* v. *Ives*, above cited. If Mrs. Spooner, after taking the note, had transferred it to a third person, such third person

could have maintained an action upon it. Such transfer might be made now. But since her husband is dead, the formal objection to proceedings in her own name has ceased; the note is a valid indebtedness against his estate, and she as administratrix may maintain her petition for license to sell real estate to raise money for its payment.          *Decree reversed.*