*492
 
 Johnson, Ch. J.
 

 Upon the evidence, the judge at the trial rightly decided that the defendants had failed to impeach or qualify the transfer to the plaintiff of the bond and mortgage in suit, or to show any identity of interest between the plaintiff and the executors of Sargent. A clear legal transfer was shown upon an ample consideration, and a strong case in the way of negative testimony was made out, of entire ignorance on the part of the plaintiff that any suit had been brought upon the security, or that any defence existed or was claimed to exist against it. Nor was any case made out for charging the plaintiff with notice in law of the pendency of the prior suit. The cases cited by the appellants’ counsel show that the effect of a pending suit as notice is such only, as to charge a purchaser during the suit with the decree which may be made in the suit. The principle on which the doctrine rests is that the court will nob suffer its decrees to be made ineffectual by an alienation pending the suit.
 
 (Preston
 
 v. Tubbin, 1
 
 Vern.,
 
 286;
 
 Anonymous,
 
 id., 318;
 
 Self
 
 v.
 
 Madox, id.,
 
 459.)
 

 The case is then brought to the question, whether the admission of a previous owner of a chose in action can be proved against a purchaser from him, who has bought for a fair consideration, and between whom and the former owner there exists no other relation than that of purchaser and seller. It is not the case of a nominal purchase, the former owner retaining the equitable interest, but of an actual and complete transfer of all interest to the purchaser. On that question,
 
 Paige
 
 v.
 
 Cagwin
 
 (7
 
 Hill, 361)
 
 is a full authority. That case was ably considered by the court which determined it, and put an end to whatever doubts had been entertained upon the question involved.
 
 Stark
 
 v.
 
 Boswell
 
 (6
 
 Hill,
 
 405) was decided shortly after
 
 Paige
 
 v.
 
 Cagwin,
 
 and in its essential 'features was identical with the case before us; and the Supreme Court held the evidence of the mortgagee’s admission inadmissible to affect the purchaser of the land under a sale on a statute foreclosure. In
 
 Booth
 
 v.
 
 Swezey (4
 
 
 *493
 

 Seld.,
 
 276) the point was again raised, and this court held the admissions of the mortgagee inadmissible against his assignee.
 

 The judgment should be affirmed.
 

 Selden, J., expressed no opinion; all the other judges concurring,
 

 Judgment affirmed