## SCHENCK vs. WARNER.

The exception to section 399 of the code of procedure, excluding witnesses who are parties to the action from being examined against parties who are *representatives of a deceased person,* in respect to transactions had personally between the deceased and the witness, does not embrace the case of a plaintiff in an action of ejectment, offering himself as a witnsss against a defendant who is in possession without title or right, and sets up an outstanding title in others, derived from the plaintiff through a former owner or mortgagee, now deceased, with which title the defendant is in no way connected.

In such a case the defendant is not in any sense the representative of the deceased person; and the plaintiff may be examined as a witness, to prove the payment by him of a mortgage upon the premises, to the decedent, in his lifetime.

Evidence of the declarations and admissions of the deceased mortgagee, in his lifetime, tending to show the part payment of the mortgage, by the plaintiff, is admissible, in such action; it not being given against a subsequent purchaser or assignee for value.

The courts of New York have uniformly held that the admissions of a former owner of chattels or choses in action are not admissible, as against a *subsequent purchaser or assignee* from such owner *for value;* whether such owner were living or dead at the time the evidence was offered.

This is the extent to which any of the cases go; and the rule excluding such admissions should not be extended any farther.

APPEAL from a judgment entered upon a verdict taken at the circuit, in Ontario county, in May, 1860, in favor of the plaintiff.

*H. R. Selden,* for the appellant.

*H. O. Chesebro,* for the respondent.

WELLES, J. The action was brought to recover an undivided one-sixth part of a farm of about 130 acres, situated in the town of Canandaigua, in the county of Ontario. The plaintiff derived his title through the will of John Taylor, dated October 30, 1824, the said John Taylor being then and at the time of his death, which took place twenty years before the trial, the owner and in possession of the farm. By

Schenck *v.* Warner

the will he devised all his estate, real and personal, to his wife during her life, and one third of his real and personal estate to her in fee, subject to a legacy to Emily E. Philips of $100 ; one fourth part of his real estate, after the death of his wife, he devised to Fenton Brack and wife ; one fourth to Jared T. Phelps ; and all the rest of all his estate, real and personal, he devised and gave to his nephew, William Schenck, after the death of his wife, to him and his heirs forever. On the 18th November, 1842, William Schenck conveyed to Edward T. Schenck all his interest in the farm under the will of John Taylor ; and Edward T. Schenck afterwards conveyed to John Schenck, the plaintiff, by warranty deed, the same premises described in the last deed.

The defense was an outstanding title in Charles Mosher. On the 12th of April, 1844, the plaintiff mortgaged the premises in question to Philemon Stiles, to secure a debt of $75 ; and on the 9th of May, 1844, the plaintiff executed another mortgage to said Stiles to secure another debt of $112. In 1853 both of these mortgages were foreclosed, under the statute, by advertisement, in one foreclosure proceeding, and sold to Charles Mosher for $358.21, the affidavit of the sale stating that he purchased for the heirs at law of Philemon Stiles, deceased. In reply to these facts, the plaintiff alleged that he had paid both mortgages to Philemon Stiles in his lifetime. To prove this payment he offered himself as a witness, to which the defendant's counsel objected, on the ground that the witness so offered was the plaintiff in the action, and that Philemon Stiles being dead, the plaintiff was not a competent witness to prove the payment to the deceased mortgagee in his lifetime. The court overruled the objection, and the defendant's counsel duly excepted. The witness then testified to the payment of both mortgages to said Philemon Stiles in his lifetime. One of the points now made by the defendant's counsel is that the justice, on the trial, erred in admitting this evidence by the plaintiff as a witness.

Section 399 of the code, as amended in 1860, (*Sess. Laws*

*of* 1860, *ch.* 459, *p.* 787,) after providing that a party to an action or special proceeding &c. may be examined as a witness on his own behalf or on behalf of any other party, in the same manner, and subject to the same rules of examination as any other witness, contains an exception, as follows : "Except that a party shall not be examined against parties who are representatives of a deceased person, in respect to any transactions had personally between the deceased person and the witness."

It seems to me that the case is not within the above exception. It excludes witnesses who are parties to the action from being examined *against parties who are representatives of a deceased party,* in respect to transactions had personally between the deceased person and the witness. But the plaintiff was not examined against a party who was the representative of a deceased person. The defendant was the party against whom the plaintiff was examined, and he was in no sense such representative. He was in no way connected with the representative of Philemon Stiles, deceased, or his title, or that of his administrator. He was an entire stranger to the alleged titles of both parties, and the evidence produced by him was for the purpose of showing an outstanding title merely, without in any way connecting himself with it.

The actual payment by the plaintiff to Philemon Stiles of the amounts secured by the mortgages was somewhat seriously brought in question by the evidence, and if the jury had found against the payment the court, I think, would not have set the verdict aside, as being against the weight of evidence on that question. In order to corroborate his own testimony of the payment, the plaintiff gave evidence, under objection, of the declarations and admissions of Stiles in his lifetime, tending to show part payment of one or both of the mortgages by the plaintiff. The ruling of the justice admitting this evidence was duly excepted to by the defendant's counsel.

Schenck *v.* Warner.

I was at first inclined to think that this evidence should have been excluded, under the general rule rejecting hearsay evidence; and that it did not come within the exception which allows evidence of the declarations &c. made by persons, since deceased, and against the interest of the persons making them, at the time when they were made. It is now well settled in this state that the declarations of a former owner of chattels or choses in action are not within the exception to the general rule of exclusion, and consequently not admissible as evidence. There is a series of adjudications to that effect, from *Hurd* v. *West,* (7 *Cowen,* 752,) to *Tousley* v. *Barry,* (16 *N. Y. Rep.* 497;) most of which are collected in the opinion of my brother JOHNSON in the present case. Upon a careful examination of them all, I find them, without exception, to be cases where the declarations offered were of former owners of chattels or choses in action, *against subsequent purchasers or assignees for value.* I believe this to be the extent to which any of the cases go; and I do not feel authorized or inclined to extend the rule of exclusion in this respect, beyond what is imperatively required by the adjudged cases.

In the case at bar, the evidence was given not against a subsequent purchaser or assignee for value. The defendant was in possession, so far as the case discloses, without title or right. His defense was an outstanding title in Mosher or the heirs of Stiles, with which title he was in no way connected. I am therefore of the opinion that the evidence was properly received.

The other rulings at the circuit were unobjectionable, and a new trial should therefore be denied.

JOHNSON, J. The action was ejectment. After the plaintiff had established his title to one undivided sixth of the premises, the defendant, for the purpose of defeating it, and showing an outstanding title derived from the plaintiff, proved two mortgages of the same interest, from the plaintiff, to

Philemon Stiles, one to secure the payment of $75, dated 12th April, 1844, and another to secure the payment of $112, dated the 9th of May, 1844.

He further proved that both these mortgages, by virtue of a power contained in each, had been foreclosed by advertisement and sale pursuant to statute, and the premises bid off by the administrator of Philemon Stiles, the mortgagee, deceased, for the heirs of the intestate, on the 13th of October, 1853.

In answer to this evidence, the plaintiff gave evidence tending to show that both mortgages had been fully paid and satisfied to the mortgagee, in his lifetime. The plaintiff in his own behalf testified to the fact of having made the payment in person. He then proved, by another witness, certain admissions made by Stiles, the mortgagee, in February, 1847, as to the amount then remaining due upon the mortgages, and the amount which had before that time been paid thereon, and also a promise to extend the time of payment of the balance through the following season. This evidence was objected to by the defendant's counsel, in due time, and admitted by the judge, to which ruling there was an exception.

The defendant did not claim title, through these mortgages, or through the mortgagee, and does not appear from the evidence, in the case, to have had any interest in, or connection with, the mortgages or the mortgage debt, at any time. The mortgagee died the year previous to the foreclosure of the mortgages, and the mortgages were forclosed by his administrator.

One exception, to the general rule, rejecting hearsay evidence, which seems to be as well established as any rule of evidence in the books upon the subject of evidence, is that of allowing declarations and entries made by persons since deceased, and against the interest of the persons making them, at the time they were made. (*Greenl. Ev.* §§ 147, 148 *to* 154, *and cases cited in notes.* 1 *Phil. Ev.* 255. 1 *Stark. Ev.* 307, 308, 309.) In such case, the objection

that the testimony of the declarant is the better evidence, cannot be made.

Our courts in this state, however, have uniformly held that the admissions of a former owner of chattels, or choses in action, are not admissible, as against a subsequent purchaser or assignee, from such owner for value, whether such owner were living or dead at the time the evidence was offered. This is the extent to which the courts have gone, and all the cases are of this character. (*Foster* v. *Beals*, 21 *N. Y. R.* 247. *Tousley* v. *Barry*, 16 *id.* 497. *Booth* v. *Swezey*, 4 *Seld.* 276. *Smith* v. *Webb*, 1 *Barb.* 230. *Paige* v. *Cagwin*, 7 *Hill*, 361. *Beach* v. *Wise*, 1 *id.* 612. *Whitaker* v. *Brown*, 8 *Wend.* 490. *Kent* v. *Walton*, 7 *id.* 256.) There are several other cases, but they are all of this description; and no case can be found in our reports carrying the rule of exclusion, or rather limiting the exception, beyond this precise point. And even this has been said by several of our judges to be a departure from a well established rule, and to have carried the doctrine quite far enough. (*Bronson, J. in Beach* v. *Wise, supra. Walworth, Ch. in Christie* v. *Bishop*, 1 *Barb. Ch. R.* 115, 116. *Ruggles, Ch. J. in Jermain* v. *Denniston*, 2 *Seld.* 278.)

The defendant, it will be seen, is not within this rule at all. He is not an assignee of the mortgage, nor a purchaser under it, nor a purchaser from the mortgagee. His title is in no way whatever connected with the mortgage, and these declarations were not given to defeat the defendant's title, but to prevent the defendant from defeating the plaintiff's. Had the defendant been an assignee of the mortgage, or a purchaser at the mortgage sale, the objection to the evidence would have come precisely within *Tousley* v. *Barry* and *Booth* v. *Swezey*. But he stands in no such situation, and, it seems to me, most clearly is not entitled to the benefit of that rule, except as a shield to any title he may have derived through the mortgage.

It is insisted by the plaintiff's counsel that to render such

admissions competent, in any case, they must be made by some person through whom the plaintiff claims by representation. This has been said, in some of the cases above referred to, though it has never been so adjudged in any case where the question was directly before the court. It cannot be said, perhaps, strictly that the plaintiff does claim by representation through Stiles, the mortgagee; and yet in one sense he does so, and which, as it seems to me, fairly brings him within the spirit of the rule. The defendant claimed, and undertook to show, that the plaintiff had completely alienated his title, by means of the mortgage, and that such title was then vested in a third person. The plaintiff, to meet this, sought to show that, before the sale under the mortgage, he had, by means of the defeasance therein, reclaimed, and still held, whatever right had been conveyed to Stiles by such mortgage, and had completely extinguished it. It was to show that he then held and represented that right. And, inasmuch as this evidence did not assail, or affect in any degree the defendant's title, if he had any, or his right of possession, I do not see that any rule of evidence was infringed by the admission of Stiles' declarations.

The admission of the testimony of the plaintiff as to the payments, made by him to Stiles, was also excepted to, and the exception is insisted upon here. But it seems to me to be clearly without any foundation. He was a competent witness in his own behalf, and the defendant was not the representative of a deceased party.

I am of the opinion, therefore, that the judgment should be affirmed.

E. DARWIN SMITH, J. concurred.

Judgment affirmed.

[MONROE GENERAL TERM, September 1, 1862. *Welles, E. Darwin Smith* and *Johnson,* Justices.]