LOUISA HOLMES, *Execut'x, versus* GEORGE W. SAWTELLE.

By the 23d Rule of Court, neither party shall be required, *during term time*, to attend the taking of a deposition, except in the town in which the Court is holden, and at an hour when the Court is not actually in session, unless the Court, upon good cause shown, shall specially order the deposition to be taken.

" *During term time*" does not cover all the time from the commencement to the final rising of the Court, without regard to the length of intervening adjournments.

Where the Court adjourned on the 22d to the 29th of a certain month, and the plaintiff's attorney gave legal notice of his intention to take a deposition, on the 26th of the same month, in the town where the defendant's attorney resided; — *Held*, that the deposition was not taken " during term time," within the meaning of the 23d Rule, and was therefore admissible.

In an action of replevin for a colt, brought by an executor, the plaintiff will not be permitted to prove the declarations of his testator, made while the colt remained on his premises, with his other stock, tending to show that he claimed to own the colt, to rebut testimony offered by the defendant, tending to show a previous gift by the testator to his son who lived with him and of whom defendant had purchased the colt.

ON EXCEPTIONS from *Nisi Prius*, WALTON, J., presiding. REPLEVIN.

The facts sufficiently appear in the opinion.

*J. H. Webster*, for the defendant.

*J. S. Abbott*, for the plaintiff.

BARROWS, J. — This action is replevin for a colt which formerly belonged to the plaintiff's testator, but is claimed by defendant, under a purchase from Augustus Holmes, the testator's son, to whom the defendant alleges it was given by the testator in his lifetime.

The first exception relates to the admission against defendant's objection of a deposition which was taken on the 26th of November, 1864, subsequent to the time fixed by law for the commencement of the term at which the action was tried, and in a town other than that in which the Court sat before which the action was pending. The 22d day of November was the time fixed by law for the commencement of the term, but the exceptions state that, by a previous arrangement, the Court was adjourned on that day to the 29th of November, and notice of this was published in the newspapers of Augusta, and no business was transacted and no Court, in fact, held between said 22d and said 29th of November. It seems that the deposition was taken on the 26th, in the town where the counsel of both parties resided, and upon notice to the counsel who now objects to the admission of the deposition. Was that admission in violation of Rule 23 of this Court, which provides that neither party shall be required, during term time, to attend the taking of a deposition, except in the town in which the Court is holden, and at an hour when the Court is not actually in session, unless the Court, upon good cause shown, shall specially order the deposition to be taken?

Rules of Court are designed to regulate and facilitate proceedings in causes, and no construction will be given to those rules which will needlessly embarrass such proceedings. In all the large counties, adjournments of Court to dates late in the vacation, even very shortly preceding the next following term, are common and necessary for the convenience of Court, parties and counsel. The construction contended for by the defendant's counsel would make the statute regulating the taking of depositions practically unavailing, or subject the parties to the additional inconvenience and expense of procuring the attendance of deponents and counsel at the shire town of the county, where the action is pending, during a large portion of the time in these counties. He maintains that, "during term time" covers all the time from the commencement till the final rising of the

Court, without regard to the length of intervening adjournments.

We cannot accede to such a construction. The design of the rule is to prevent fraudulent or oppressive practices in the taking of depositions, at times and places when and where it might be reasonably supposed that it must be inconvenient, perhaps impossible, for counsel to be present. If adjournments of Court during the progress of a term are of sufficient length to permit the return of counsel to their homes, and the service of notice thereafterwards for the taking of the deposition, according to the requirements of the statute, and a return from the place of taking to the town where the Court is holden, before the recommencement of the session of the Court, no good reason is perceived for holding that a deposition taken under such circumstances is taken "during term time" within the meaning of this rule. It is not disputed that all these conditions are complied with in the present case and this exception must be overruled.

Another, not so readily disposed of, arises from the admission of certain declarations of the plaintiff's testator, offered by the plaintiff and received subject to the defendant's objection. That plaintiff's testator once owned the colt was conceded, but defendant claimed that he had bought him of the deceased's son. To prove a gift from the father to the son, testimony was offered by defendant to the effect, that, before his death, the deceased spoke of the colt as belonging to his son, and that he said that he had given the colt to him. "Plaintiff was then permitted to prove, defendant objecting, that, after the time when these alleged declarations were said to have been made, and while the colt remained on the testator's premises with his other stock, he made *other declarations* tending to show that he still claimed to own the colt." It does not seem to be claimed or understood that these other declarations were made in the presence of the son, or accompanied any act or fact material to the issue, unless the circumstance that the colt was on his premises at the time, can be so considered. The

able counsel for the plaintiff says that it is " the usual evidence introduced to sustain such an action," and, "in accordance with every day's practice." If we concede that such evidence is often received, without objection, to " sustain such an action" against a mere intermeddler who shows no evidence of title, does it follow that it is competent to rebut the declarations of the owner that he has parted with his title by proving other declarations subsequently made, that he still claims the property as his own? What is it but receiving the unsworn declarations of the party in his own favor?

The evidence offered and admitted here seems to be incompetent, for the reason that a party cannot be permitted to prove his own declarations in support of his own case, nor can the executor or administrator of a party deceased be allowed to put in like declarations of the individual whose interest and title he represents. The plaintiff might properly prove any statements of her testator that made a part of those which were offered in evidence by the defendant. She might explain the conversations that were thus put in, or controvert by proper testimony the fact of their occurrence, but to show that the deceased had made at another time a contradictory declaration, did not prove, or in any way tend to prove, that he had not said that upon which the defendant counts as evidence of a gift. It was nothing more or less than a declaration in his own favor, offered to control those admissions against his interest made at another time, which the opposite party might properly and did in fact offer in evidence and rely upon. To prove that a man makes a declaration in his own favor to-day has no tendency to disprove or control the fact of his having made an admission against his interest yesterday. It does not even appear that these declarations were coupled with any acts of ownership over the colt exercised by the deceased. The only circumstance alleged is that it was on his premises with his other stock at the time, *a fact by no means inconsistent with a previous gift to a minor son*. In the cases of

*Holt* v. *Walker*, 26 Maine, 107, and *Hatch* v. *Dennis*, 10 Maine, 244, to which our attention has been called, the declarations offered and received, were against the interest of the declarant and not in affirmance of his title.

In *Bartlett* v. *Delprat & al.*, 4 Mass., 702, the demandant in a real action offered in evidence the fragments of what purported to be a deed of the demanded premises from his deceased father to himself, "to hold to him his heirs and assigns in fee from and after the death of his father," and an office copy of the same by which it appeared that the supposed deed was not placed upon record until after the father and all whose names purported to be appended as witnessing the execution or taking the acknowledgment of the deed were dead. The tenants, to whom the father had devised the estate, introduced the declarations of the father subsequent to the date of the supposed deed to the demandant, made in speaking of the demanded premises, and the disposal of his estate among his children, to the effect, "that he had never made and had refused to make to his son Humphrey (the demandant) a deed of the premises in controversy;" "had given him his full share of the estate in another manner" and the like, and on account of the admission of this evidence the verdict for the tenants was set aside and a new trial granted, though SEWALL, J., in pronouncing the opinion, remarked that, "the other facts appearing in this case leave very little doubt of the justice of the verdict." In like manner here, as we do not find that the competency of the evidence excepted to can be maintained upon principle or authority, we think, without examining the other exceptions taken, that the exceptions must be sustained, verdict set aside, and a

*New trial granted.*

APPLETON, C. J., CUTTING, KENT, WALTON, DICKERSON and DANFORTH, JJ., concurred.