JOHN HONSTINE, RESPONDENT, *v.* ANTHONY O'DON-
NELL, APPELLANT.

*Witness — impeachment of — Refreshing recollection — how previous statement made
by him should be brought to his attention.*

Where, upon the cross-examination of one of defendant's witnesses, his attention was called to an affidavit, and he stated that he had made it, and that he remembered all that was in it, *held*, that the plaintiff was entitled to read the affidavit, to show that it contained statements contradictory of those made by the witness upon the trial.

*Quære*, whether the whole affidavit, or only that portion containing the contradictory statements, should be read.

Some three years after the occurrence of the transaction in question, and shortly before the trial of the action, one of defendant's witnesses, at the request of defendant's counsel, signed an affidavit setting forth the disputed facts. Upon the trial the witness contradicted some of the statements therein contained. *Held*, that the defendant could not show the witness the paper for the purpose of refreshing his memory.

The proper course in such cases is to examine the witness in the usual way, and, if his evidence contradicts written statements previously made by him, to interrogate him respecting the latter for the purpose of probing his recollection and obtaining an explanation of his inconsistency.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee. The action was brought upon a bond made by the defendant to one Amos B. Collins, and by him assigned to one Jones, and by Jones to the plaintiff. The defenses were, that the bond was without consideration, and that it was usurious. The plaintiff's counsel, for the purpose of contradicting certain statements made by one of the defendant's witnesses, offered in evidence an affidavit made by him in October, 1873, and at or about the time of the transfer of the bond from Jones to the plaintiff, which was received against the objection and exception of the defendant.

During the examination of this witness by the defendant's counsel, he stated that he had, at the request of defendant's counsel, made a written statement and affidavit relating to the transaction in question, and that he knew the substance of it. The affidavit was dated November 28, 1874, some three years subsequent to the occurrence of the facts to which it related. The defendant's counsel offered to read this paper to the witness, to refresh his recollection, but the referee excluded it.

*Hamilton Ward*, for the appellant.

*H. Bemis*, for the respondent.

GILBERT, J. :

Upon the question of the admissibility of Jones' declarations, the cases of *Paige* v. *Cagwin* (7 Hill, 361), and *Tousley* v. *Barry* (16 N. Y., 497), are conclusive authorities to sustain the decision of the referee, and the question can no longer be treated as an open one.

It was certainly competent for the plaintiff to prove that the defendant's witness, Collins, had made written statements of facts contradictory of those made by him upon the trial. The attention of the witness was called to the affidavit made by him, dated October 1st, 1873. He stated that he made it and remembered all that was in it. The only proper mode of establishing the contradiction, was by reading the affidavit, or such parts thereof as were relevant to the matter respecting which he had been examined upon the trial. The only question in such cases is, whether the party is not required to put the whole paper in evidence. It was held by the English judges, in the Queens Case, that he was, and that rule has been generally followed. The same objection, however would seem to be applicable to this rule, that has been held good in relation to verbal conversations or declarations, introduced for the purpose of contradicting a witness, namely, that it opens a door for the admission of statements which neither contradict, nor explain, nor qualify the testimony of the witness. (*Rouse* v. *Whited*, 25 N. Y., 170.) But in this case, no objection to the reading of the whole affidavit was taken, and it is not plain that any part of it should have been suppressed according to the rule in 25 New York (*supra*).

With respect to the affidavit of November 28th, 1874, we are of the opinion that it in no sense belongs to the class of documents or memoranda which the law always permits, and sometimes requires, to be shown to a witness for the purpose of refreshing his recollection. It was not made contemporaneously with the transactions mentioned in it, but three years afterward. It is not a record or note of any fact or occurrence, but contains a mere statement that the disputed fact did not occur. Such a paper, when put before a witness by the party who calls him, can have no proper effect in refreshing his memory, and would be calculated to stimulate his courage, rather than his veracity. We think the practice of procuring such papers, and then using them ostensibly for the purpose of refreshing the recollection of a witness who appears to be adverse, but really to intimidate him, ought not to be encouraged or sanctioned. The proper course is to examine the witness in the usual way, and, if his testimony be in contradiction of written statements previously made by him, to interrogate him respecting

the latter, for the purpose of probing his recollection, and of obtaining an explanation of his inconsistency. (*Bullard* v. *Pearsall*, 53 N. Y., 230.)

These remarks dispose of all the exceptions in the case worthy of consideration. Upon the merits, the case is not free from suspicion that injustice has been done the defendant. But we have no means of dealing with that on this appeal. The evidence is sufficient to sustain the finding of the referee, and none of the exceptions being good, the judgment must be affirmed.

Present— SMITH, P. J., GILBERT and MERWIN, JJ.

Judgment affirmed, with costs.