JOHN CHADWICK, Respondent, *v.* JOHN FONNER and OTHERS, Appellants.

*Parol declaration of vendor of land — against whom admitted.*

Parol declarations of the vendor of land, showing that the vendee has paid the purchase-price thereof, are admissible in an action by or against him, or by or against any other person deriving title from or under him, with notice of the vendee's claim.

Actual possession of land by a vendee is, in law, equivalent to actual notice of his claim, whatever that may be.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

This action was commenced by John Johnson, John Chadwick and David Sherman against John Fonner and wife, and the heirs of Jesse F. Locke, deceased, to compel them to convey to the plaintiff John Johnson, twelve acres of land in the town of Wheatfield, in the county of Niagara, which land, it was claimed by the plaintiffs, Jesse F. Locke had sold to said Johnson in his lifetime, and had received the purchase-price thereof, but had executed and delivered no conveyance thereof.

Jesse F. Locke died in the spring of 1861.

The defendant John Fonner purchased the premises, with other land, sixty-two acres in all, of the heirs of Jesse F. Locke, by deed dated in April, 1868, paying for this whole farm sixty dollars per acre. At the time of this purchase Johnson was in possession of the premises to recover which this action was brought, claiming to own the same, by virtue of an agreement made by him with the said Jesse F. Locke.

Upon the trial of this action, evidence was given on behalf of Johnson to establish his right to the said twelve acres of land, consisting of the admissions of Jesse F. Locke made in his lifetime and after Johnson had gone into the possession of the land.

Johnson died soon after the entry of judgment herein, and this action was revived and continued in the name of John Chadwick, the present plaintiff.

*Lewis & Gurney*, for the appellants.

*William S. Farnell*, for the respondent.

GILBERT J. :

That the parol declarations of a vendor of land are admissible in an action by or against him, to prove that the vendee has paid the purchase-money, is an elementary principle in the law of evidence. The declarations of Locke, therefore, would have been competent against him. He died intestate. The land in controversy descended to his heirs, and they conveyed it to Fonner. Those declarations being evidence against Locke in his lifetime, they are, since his

decease, evidence against all who have derived title through or under him, with notice of the vendee's claim. It is very true that parol declarations are insufficient to destroy a man's title to lands. But when made by a vendor against his interest they are sufficient to fasten a trust upon the legal title in favor of a vendee, as against the grantees of such deceased vendor, immediate or remote who took the title with notice of the claim of the vendee, and the actual possession of the land by the vendee is, in law, equivalent to actual notice of such claim, whatever it may be. Declarations of that kind do not affect the operation of deeds by virtue of which the legal title is held, but serve merely to show that the vendee has an equitable right to maintain his possession, and that in equity, he has a beneficial interest in the land, notwithstanding the legal title is vested in another. They affect the interests of a grantee of the vendor, or of his heirs, precisely in the manner that they would have affected the interest of the vendor himself if they had been proved in an action to which he was a party, and they have no other or different effect. If uncontradicted they are, and ought to be, sufficient to defeat an ejectment against, or to compel a conveyance to, the vendee in either case. The authorities on this subject are numerous, and they have established the principle stated. (Gr. Ev., §§ 147, 154, 189 ; *Jackson* v. *Bard*, 4 Johns., 230 ; *Padgett* v. *Lawrence*, 10 Paige, 170 ; *Spaulding* v. *Hallenbeck*, 35 N. Y., 204 ; *Schenck* v. *Warner*, 37 Barb., 258.)

. We are of opinion that the referee erred in allowing the question put to the witness Chadwick, as to the declarations of Johnson, regarding the character of his possession. But the answer of the witness was hardly responsive to the question, and as no motion to strike out the objectionable testimony was made, the objection to the question may well be deemed waived. We are satisfied that it did not affect the result. The referee does not allude to this testimony in his opinion, and an examination of the whole case shows that it could have had no material influence in its determination. It had no legitimate effect, except upon the question of fact involved, and there was abundant evidence without it to sustain the referee's conclusions upon that question. When that is the case, the error becomes harmless, and it affords no just ground for reversing the judgment. ( *Vandevoort* v. *Gould*, 36 N. Y., 644.)

These being the only questions to which our attention has been called, the judgment must be affirmed with costs.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment affirmed, with costs.