By the Court.—Speir, J.
The defendant raises two legal objections to the plaintiff’s recovery, both of which I think have been properly disposed of by the referee. The first is put upon the ground that it, in fact, only insured whatever interest Fitzhugh Smith may have had as owner of the equity of redémpton, and this was only the value of the property which might be realized upon the sale over and-above the amount due on the mortgage ; that the plaintiff’s title as mortgagee of the property has become absolute in law, because the mortgagor failed" to pay the interest *497 which accrued on the mortgage. It seems to me the plain answer to- this objection is that the defendant agreed to pay the plaintiff as mortgagee after the two installments of interest had become due, and after a copy had been placed on file with a statement of the interest she had in the property as mortgagee. There is no room for doubt what interest the company intended to insure.
The second objection that the gross over-valuation by the claimant of the various articles destroyed or injured warrants the inference of a fraudulent intent, is, I think, in this case wholly unfounded. The loss was sustained upon machinery, tools and stocks consisting of a very great variety of items mostly known as second-hand, which had been in prior use for greater or less periods of time. The depreciation would depend upon the wear in the use and the quality of the material when new and the skill of the workmanship displayed in its manufacture. The discrepancies existing in the opinions of all the witnesses as to the value of the several items furnishes the best proof that the claimant’s estimates, though in many respects excessive, can not be considered presumptive evidence of fraudulent intent.
It appears from the record that the plaintiff ’ s witnesses, two at least, have described with much particularity and minuteness the different articles of machinery and other property claimed to have been on the premises at the time of the fire. But the learned referee seems to think that their estimates are not founded on reliable data, that no opinion has been furnished by either of them of the value of the machinery at the time of the fire, and that the witness Birbeck’s statements are of a general and vague character, and his examination of the property too superficial to justify him in attaching any great weight to the estimate he gave of the amount of the loss,
*498 On the other hand, the defendant’s witness Davis appears from his disinterested manner to have justly acquired the confidence of the referee. The testimony of this witness was accordingly adopted by him exclusively as the basis of value. It is a general estimate of the whole property in mass, and not by items in detail. The witness gave three general estimates, first, six thousand dollars ; second, eight thousand dollars ; and third, ten thousand dollars. The latter sum was adopted by.the referee as the entire value at the time of the fire, and he fixes the value of the articles which remained after the fire at four thousand dollars; consequently the loss sustained by the defendant on the old stock amounts to the sum of six thousand dollars, as found by the referee.
This witness had been an engineer and machinist for twenty years, and his then present business was in buying and selling all kinds of machinery new and second-hand. There can be no doubt, I think, of his qualification to ascertain the true value of second-hand or injured machinery. The question is, has the proper method been adopted by the court in determining the loss sustained by the company, in view of all this witness has testified to in the case? He says: “I visited the factory within two days after the fire occurred. . . I did not take a close, but only a casual, observation of the machinery, with a view of purchasing, such as to enable me to make a value. . . . After the fire I wanted to purchase the washing-machines and three of the grinders. . . I don’t take into account the small hand-tools such as saws, but only the heavy machinery, such as calenders, heaters, washers, and shafting.”
It appears there are some two hundred and forty items contained in the schedule unquestioned as having been upon the premises at the time of the fire. Many of these lighter articles could not be seen to be valued. *499 They were covered up by the heavy machinery and debris, as abundantly appears in the testimony. Now, this witness, in addition to his general estimate, gave the value of some nine or ten items, which amount to about eleven thousand dollars, and there are six or seven items valued by the defendant’s other witnesses, amounting :o some six or seven hundred dollars besides. Assuming, then, that the value of the old stock after theffre was worth four thousand dollars as found by the referee, there was still more than a total loss. It may be added that this result corresponds .with the general estimate made by the witness Birbeck. This witness had more than thirty years’ experience as engineer and machinist, and made three visits to the ruins at the request of an insurance agent and adjuster, to examine the amount of loss. He was informed that the insurance amounted to thirteen thousand dollars, and being furnished with a schedule list of machinery and tools, reported that the loss was greater than the insurance, and he did not therefore have the ruins cleared out to examine all the items on the list. From a careful examination of all the testimony I have come to the conclusion that an error has been made in not adopting the proper rule in estimating the defendant’s loss. Although the gross valuation made by Davis may have been satisfactory " to the referee, it is clear if the itemized value of Davis himself and the other defendant’s witness are in excess of that sum, there is error to the amount of that excess.
There is one exception taken by the plaintiff which deserves consideration. The witness Davis, on his direct examination, was asked whether he had since the lire any conversation with Fitzhugh Smith touching the value of this machinery. This was objected to, admitted, and exception taken. Fitzhugh Smith had no interest at this time in the policy. The defendant had agreed at this time to pay the amount of insurance *500 to the plaintiff. It does not appear that Fitzhugh ■Smith had been examined at this time on the trial as a' witness. He was afterwards examined. Nor was there any evidence that the transfer of the interest to the plaintiff was colorable, or not made in good faith. A clear legal transfer was shown upon good consideration, and negative evidence was made out of entire ignorance on the part of the plaintiff that any defense existed or was claimed to exist against the transfer. The supreme court has decided that declarations are inadmissible even where.the defendant has been no party to the transfer, and that admissions of the mortgagee are inadmissible against his assignee (Booth v. Swezey, 4 Seld. 276 ; Paige v. Cagwin, 7 Hill, 361; Tousley v. Barry,. 16 N. Y. 497). In this case the defendant made a positive agreement with the plaintiff. Statements of the insured are not admissible in evidence against a party beneficially interested, where a policy is made payable to a third party. Where a party whose declarations are sought to be proved is dead it affords no ground for the admission of such declarations. Here the party was living. It seems to me to be an attempt to prove a fact by the declaration of a person not a party to the action, and the evidence ° was hearsay and secondary (Rawles v. American Life Insurance Co., 27 N. Y. 282; Mulliner v. Guardian Mut. Life Ins. Co., 1 N. Y. Supreme Court R. 448).
The judgment must be reversed and the order of reference discharged.
Sanford, J., concurred.