STEPHEN FELLOWS, administrator, *vs.* MARY W. SMITH.

Bristol.   Oct. 27, 1880. — Feb. 23, 1881.   ENDICOTT & FIELD, JJ., absent.

In an action by an administrator against the widow of his intestate for the con-
version of certain personal property, declarations of the intestate that the
property was not his are admissible for the defendant, and statements of the
intestate that the property was his are inadmissible for the plaintiff.

In an action by an administrator, more than two years after his appointment,
against the widow of his intestate for the conversion of certain personal prop-
erty, evidence that the estate was insolvent at the date of the writ is inadmis-
sible, it not appearing that the estate had been represented to the Probate
Court to be insolvent, or that any creditor of the estate had begun an action
against the administrator; and the defendant is entitled to hold the property in
controversy, which was received by gift from her husband.

TORT, by the administrator with the will annexed of the
estate of J. M. Smith, for the conversion by the defendant, the
widow of Smith, of certain personal property.   Writ dated
August 25, 1877.   The case was referred to an auditor, who
reported the following facts :

Two days before the marriage of the defendant and Smith,
which occurred on January 25, 1872, they made an ante-nuptial
agreement, by the terms of which each was to retain the own-
ership of his or her property, real and personal, free from the
control of the other, and she was to have no right of dower
or homestead in his real estate.   He died on January 16, 1874,
leaving a will, which was duly proved and allowed, by which he
bequeathed to her certain real estate, personal property and an
annuity.   She has accepted the provisions of the will in her
favor.   B. F. Winslow was named executor in the will and ac-
cepted the trust, but subsequently resigned.   The defendant
claimed most of the property in question under the ante-nuptial
agreement, and also as a gift from her husband not connected
with that agreement.   The declarations of Smith tending to
prove a gift of the articles in controversy to the defendant were
admitted, against the plaintiff's objection; and evidence offered
by the plaintiff that Smith, after the marriage, had stated that
the property was his, was excluded.

The plaintiff offered to prove that the estate of Smith was
insolvent at the date of the writ.   There was no evidence that

the estate, which consisted mostly of real estate, had been represented insolvent in the Probate Court at the time of the hearing, in July 1880, or that the executor or the plaintiff ever petitioned for license to sell real estate, or that any creditor had commenced a suit against the estate before the plaintiff had been appointed two years. The evidence offered was excluded.

Most of the property in question was in the house where Smith and the defendant subsequently lived, at the time the ante-nuptial agreement was made, and other property was contracted for at that time and delivered soon afterwards.

The auditor found that the property in question was, by the ante-nuptial agreement and the gift of her husband, the property of the defendant; and that the plaintiff could not maintain this action.

In the Superior Court, the case was submitted to *Bacon*, J., without a jury, on the auditor's report; and the plaintiff asked the judge to rule that the auditor was in error in the rulings made by him. The judge declined so to rule; refused to recommit the case to the auditor; and found for the defendant. The plaintiff alleged exceptions.

*M. Reed*, for the plaintiff.

*J. M. Morton, Jr. & A. J. Jennings*, for the defendant.

SOULE, J. As the plaintiff took only the title to the chattels in question which his testator had, the admissions of the testator that they were not his were admissible evidence for the defendant. On the other hand, statements of the testator that he was the owner of the chattels were inadmissible as evidence for the plaintiff, on the familiar principle that one cannot introduce his own declarations in his favor as evidence of title in himself to either real or personal estate.

The plaintiff having been appointed and qualified as administrator more than two years before the trial of the action, and it not appearing that the estate had been represented to the Probate Court to be insolvent, nor that any creditor had begun any suit against the administrator, the evidence offered to prove that the estate was insolvent in 1877, nearly three years before, was properly rejected. The statute of limitations had run in favor of the plaintiff. Gen. Sts. *c.* 97, § 5. No suit had been instituted against him. If suit should be thereafter begun, the

statute would be a perfect defence, and one which he could not waive at the expense of the estate. *Ames* v. *Jackson*, 115 Mass. 508. No creditor, therefore, was interested in the estate, or in the result of this action. A recovery by the plaintiff would enure to the benefit of the next of kin of the testator only, or the legatees under his will. As against these, a gift from the testator to his wife, of articles retained by her after his death, would be valid. *Mc Cluskey* v. *Provident Institution for Savings*, 103 Mass. 300. *Towle* v. *Towle*, 114 Mass. 167. It follows that such of the articles in controversy as the defendant received by gift from her husband she is entitled to hold. As to those which she has under the ante-nuptial contract, the plaintiff does not insist that he can recover. The rulings of the justice of the Superior Court were correct.                *Exceptions overruled.*