See ch. 97, Laws of 1887.— REP.

---

LEHMAN and another, Respondents, vs. SHERGER and hus-band, Appellants.

*January 13 — February 1, 1887.*

*Evidence: Declarations: Assignment.*

In a foreclosure action the plaintiffs claimed as assignees of the note and mortgage. There was no written assignment, and the mort-gagee was dead. The defendants claimed that the note and mortgage had belonged to the wife of the mortgagee and had been paid to her by them. *Held:*

(1) Statements of the mortgagee, made before his death to a third person, tending to show that he had sold the note and mortgage to the plaintiff's assignor, were admissible.

(2) Evidence as to what the mortgagee said when the note and mortgage were given, offered to show that they belonged to his wife, was not admissible to defeat the plaintiff's title derived from such mortgagee.

APPEAL from the Circuit Court for *Rock* County. The case is stated in the opinion.

For the appellants there was a brief by *Dunwiddie & Goldin*, and oral argument by *Mr. Dunwiddie.* They con-tended, *inter alia*, that admissions and declarations of the

assignor are never competent evidence in favor of the assignee, and they are not made competent by being declarations against interest, offered after the assignor is dead. Abbott's Trial Evidence, 11; 3 Field's Lawyers' Br. 359; *Outram v. Morewood*, 5 Term, 123; *Brashear v. Burton*, 6 Am. Dec. 634; *Kent v. Walton*, 7 Wend. 257; *Howard v. Upton*, 9 Hun, 434; *Faulkner v. Whitaker*, 15 N. J. Law, 438; *Hill v. Myers*, 43 Pa. St. 170; *Atwell v. Miller*, 11 Md. 348; *Kilburn v. Ritchie*, 2 Cal. 145; *Worrall v. Parmalee*, 1 N. Y. 519.

For the respondents there was a brief by *Fethers, Jeffris & Smith*, and oral argument by *Mr. Fethers*. They cited, besides cases cited in the opinion: 2 Wharton on Evidence, secs. 1156–1163; *Smith v. Maine*, 25 Barb. 33.

ORTON, J. This is an action for the foreclosure of a mortgage for $400 executed November 5, 1881, by the defendants to one John Swager, and held by the plaintiffs. The answer admits the execution of the note and mortgage, but denies that the plaintiffs are the lawful owners thereof, and alleges that they have no right or title thereto, and that they belong to one Hattie Swager (who was the wife of said John), and that the defendants paid said note and mortgage to her, and the prayer is that the same be delivered up to be canceled. The evidence on the part of the defendants tended to show that John Swager left Evansville, Wisconsin, to go to Florida for the benefit of his health, on the 14th day of November, 1881, and died in Florida, January 29, 1882; that previous to his leaving the state he placed the said note and mortgage in the hands of one C. Godfrey Lehman for safe-keeping only; and that after the decease of John the defendants paid the same to Hattie Swager, his widow and heir, and that she claimed some right to the same by reason of having advanced money to purchase the lot, the sale of which to the defendants was

Lehman and another vs. Sherger and husband.

the consideration of the note and mortgage.   The evidence that the said John Swager had not sold the note and mortgage previous to his death consisted of statements of said C. Godfrey Lehman made to the said Hattie Swager and in presence of other persons, who testified to the same, and which were denied by the said Lehman, and perhaps of other facts and circumstances. ˙ On the part of the plaintiffs, the evidence tending to show the sale of the note and mortgage to the Evansville Furniture Company by the said John Swager, and thence to the plaintiffs, was of quite a positive character, and was corroborated by the statements of John Swager about the time of such pretended sale, and by the facts and circumstances showing that he was largely indebted to said company and said company paid him considerable money at the time.

We are asked to reverse the judgment on the ground of a clear preponderance of the evidence against the plaintiffs as to their ownership of the note and mortgage.   We are unable to find such clear or any preponderance of the evidence against the plaintiffs' claim of ownership.   The credibility of witnesses, and the weight to be given to their testimony, are matters which may be left with far more safety to the trial court.   There are, however, some exceptions to the admission and rejection of testimony, that perhaps ought to be considered.   In an equity case˙ such exceptions are only important when the testimony outside of that in question is insufficient to support the findings.

1. The statements of John Swager, before he left for Florida, tending to show that he had parted with the note and mortgage, or sold the same to the Evansville Furniture Company, were allowed to be testified to, against the objection of the learned counsel of the appellants.   This testimony was of much importance on that issue, although, perhaps, not absolutely indispensable to support the finding that the note and mortgage belonged to the plaintiffs; and

the question is perhaps too important as a rule of evidence to be disregarded or passed in silence. There was a close privity between John Swager and his wife, Hattie. She claimed more than a wife's interest in the mortgage, and since the death of her husband she remains such claimant, and, in addition, claims as his heir. The answer presents two questions,— the first as to the plaintiff's ownership of the mortgage, and the second, by way of counterclaim, as to the ownership of it by Hattie Swager and its payment to her,— with the prayer that the note and mortgage be delivered up to be canceled. Evidence that might be proper on one of these questions might not be on the other or both. The defense of payment rests on the ownership of Hattie; and evidence that she was not the owner was pertinent and material, as it was also on the question whether the plaintiffs were the owners. No party or person through or under whom the plaintiffs derived title to the note and mortgage was a witness to testify to the communications of the deceased, John Swager, before his death, as to whether he had sold them to the said company, as we understand it, and therefore sec. 4069, R. S., was not in the way of such testimony. The question is therefore presented whether such statement of John Swager against his own interest at the time, and to prove that he had parted with the note and mortgage to the said company before his death, could be given in evidence. Why not? If John Swager were alive, his statements to the same effect would be clearly proper. This precise question seems to have been decided in *Littlefield v. Littlefield,* 51 Wis. 23. In that case the statements of both Deborah and Stephen, deceased, were allowed to be shown, to the effect that they had parted with their interest in the land to the defendant, to defeat the title of the plaintiff, as devisee of Stephen, in an action of ejectment. Such evidence seems to be sanctioned, if necessary, by other authority. 1 Greenl. Ev.

§ 147 *et seq.; White v. Chouteau*, 10 Barb. 202; *Schenck v. Warner*, 37 Barb. 258; *Haywood v. Haywood*, 10 Allen, 105; *Fellows v. Smith*, 130 Mass. 378; *Larimore v. Wells*, 29 Ohio St. 13; and other authorities cited by the learned counsel of the respondents. The cases cited by the learned counsel of appellants do not seem to be in point against this rule, which appears to be uniform so far as I have examined the cases.

2. By some of the same authorities the declarations of the deceased would be evidence against Hattie Swager, because she was in privity with John and is in privity with his estate; and they cannot be given in her favor or in favor of the defendants. *Fellows v. Smith, supra; Littlefield v. Littlefield, supra; Schenck v. Warner, supra.* And see, also, *Hackney v. Vrooman*, 62 Barb. 650; *Holmes v. Sawtelle*, 53 Me. 179; 1 Greenl. Ev. § 189.

3. The testimony offered as to what her husband said as to Hattie's interest in the note and mortgage when they were given, in order to prove that she owned them, was clearly immaterial as well as incompetent. There was no charge of fraud or mistake in the execution of the note and mortgage to John Swager, or of anything to impeach them; and such evidence would be improper to defeat the title of the plaintiffs to them, derived from John Swager, to whom they were executed by the defendants. It is always unfortunate, in such a case, that the mortgagee, the pretended assignor, is dead, but the case must necessarily be decided on such proper testimony as the parties are able to procure. The possession of the note by the plaintiffs is *prima facie* evidence of ownership, and it does not appear that Hattie ever had possession of it.

We find no error in the record to reverse the judgment.

*By the Court.*— The judgment of the circuit court is affirmed.