JOHN P. HARVEY, Respondent, *v.* EPHRAIM G. VAN COTT, as Executor, etc., of EDWARD B. VAN COTT, Deceased, and ESTELLE R. WRIGHT, Appellants.

*Life insurance — transfer by will — monument for decedent — right of married woman leaving no descendants to transfer by will a life insurance policy — chapter 248 of the Laws of 1879 — effect of the executor's death on the admissibility of testimony — statements made by him as to a sale and the consideration thereof.*

A testatrix, at the time of her death, held a policy of insurance upon the life of her husband, payable to her or to her legal representatives upon his death, or if she should not be then living, payable to her children; she died without children, leaving her husband surviving, and leaving a will by which she bequeathed a certain portion of her property to her husband, if living, and upon his death to her niece. The residue and remainder of her estate she gave to her niece, and appointed her niece and her husband the executors of her will. The husband sold and delivered the policy of insurance for a certain sum paid and in consideration of a monument being made and erected upon

the lot where the wife was buried by the purchaser, who paid premiums upon the policy until the death of the husband, when an action was brought by him against the insurance company to recover the amount of the policy, which amount the insurance company paid into court, it being claimed by the executor of the husband's estate and by the niece, either individually as a legatee or as sole surviving executor of her testatrix's estate.

On appeal from a judgment in favor of the plaintiff,

*Held,* that the policy passed under the provisions of the residuary clause of testatrix's will, and that a good title therefor was transferred by her husband as executor;

That the purchase of the monument for the deceased was consistent with a proper use of the assets of her estate by her executor;

That notwithstanding the provisions of chapter 248 of the Laws of 1879, the testatrix, as she died childless, had a clear right, under chapter 821 of the Laws of 1873, to dispose of the policy by her will without the written consent of her husband.

Upon the trial of the action, several persons were allowed to testify that the husband of the testatrix, at various times after the alleged sale of the policy to the plaintiff, told them that he had assigned it, and the consideration which he received therefor. Such statements were not made by him while acting in the discharge of his duties as executor, and were in no sense a part of the *res gestæ.*

Query, whether the fact that the decedent's husband was her executor, and was dead at the time of the trial, rendered such evidence admissible.

That if, however, such evidence was improperly admitted, as it worked no harm to the defendant, the testatrix's niece, it furnished no ground for a reversal of the judgment.

APPEAL by the defendants, Estelle R. Wright and Ephraim G. Van Cott, as executor, etc., of Edward B. Van Cott, deceased, from a judgment of the Supreme Court in favor of plaintiff, entered upon the report of a referee in the office of the clerk of the county of Herkimer on the 7th day of September, 1892.

*C. J. Palmer,* for the respondent.

*E. J. & W. D. Ball,* for appellant Van Cott.

*S. W. Petrie* and *Charles E. Patterson,* for appellant Wright.

PARKER, J.:

At the time of her death Mrs. Mary Van Cott held a policy of insurance for $2,000, upon the life of her husband, Edward B. Van Cott, payable to her or her legal representatives, upon his death, or if she should not be then living, payable to her children, or their

guardian if under age. She died without children, and leaving her husband surviving her. She left a will, by which she gave certain portions of her " productive personal property " to her husband for life, and upon his death to her niece, now the defendant Mrs. Wright. "All the rest, residue and remainder of my estate," by a residuary clause in her will, she gave to her said niece, and appointed such niece and her husband the executors of such will. The husband sold and delivered such policy to the plaintiff for a certain sum of money paid him, and for a monument which the plaintiff made and erected upon the lot where the wife was buried. The plaintiff also paid the premiums upon such policy until the death of the husband.

Subsequently the husband died leaving a will in which he appointed the defendant Ephraim G. Van Cott his executor. The plaintiff thereupon demanded from the insurance company the amount of such policy, claiming that he acquired the title thereto under his contract with the husband. Mrs. Wright claimed it as a legatee under Mrs. Van Cott's will, or else as surviving executor of such will. Ephraim Van Cott claimed it as executor of the deceased husband's estate. The company paid the amount of the policy into court, and this action is now prosecuted to determine to whom, under the circumstances, such policy belonged. The referee found in favor of the plaintiff, and from his judgment both the other claimants appeal.

In order to determine the question presented on this appeal, we must ascertain the character of the property or interest which Mrs. Van Cott had in this policy at the time of her death. Prior to 1873, the property which a married woman had in such a policy was a peculiar and limited one. She could not dispose of it in any manner. (*Eadie* v. *Slimmon,* 26 N. Y. 9 ; *Frank* v. *Mutual Life Insurance Co.,* 102 id. 266 ; *Brick* v. *Campbell,* 122 id. 337.) Her creditors could not reach it. They had no claim whatever upon it. (*Smillie* v. *Quinn,* 90 N. Y. 492 ; *Baron* v. *Brummer,* 100 id. 372.) It was, therefore, unlike an ordinary chose in action to the extent that it was considered as created and appropriated for a specific purpose.

By chapter 821 of the Laws of 1873, the prohibition against her disposing of the property was to a certain extent removed, and in

the event that she had no child, or descendant of a child, she is allowed to dispose of the policy before the death of her husband by a last will and testament, or by a deed duly executed and acknowledged in the manner required to pass her dower right in lands.

In the case before us Mrs. Van Cott has not, in terms, made any specific bequest of the policy in question. She has not specifically mentioned it as a part of the property bequeathed, but after giving certain property to her husband, she gives " all the rest, residue and remainder of my estate of every name and nature," to her niece, now the defendant Mrs. Wright. At that time she held and owned the policy, and being childless, she had, by force of the statute of 1873, the clear legal right to dispose of it by her will. She does not in any way except it from the operation of her will (the language of the residuary clause is ample to include it), and we must, therefore, infer that she intended it to pass by such will.

The defendant Mrs. Wright, however, claims that it not only passed by the will, but that she took it " in specie," and freed from all claim or control on the part of the executors. Evidently Mrs. Van Cott had no such purpose, as she does not attempt to separate the policy from the rest of her assets. She does not mention it as an article especially bequeathed, but she disposes of it, if at all, with the bulk of her estate, and in terms that vest the title in the executors, giving to the residuary legatees only the proceeds remaining after the estate is fully administered upon. Pom. Eq. Juris. § 1132. If Mrs. Wright takes it " in specie," therefore, she does so by reason of the peculiar character of the property bequeathed. That raises the question whether, notwithstanding the statute of 1873 authorizing her to dispose of it, this policy was still such a peculiar kind of property as prevented it from passing, as other assets of her estate would pass, to the executor of the will.

The peculiar character of such policies in the hands of a married woman was impressed upon them by the courts on the theory that the statutes authorizing them " looked to a provision for a state of widowhood and orphanage; and that it would be a violation of the spirit of the provision to hold that a wife insured under that act could sell or traffic with her policy as though it were realized personal property, or an ordinary security for money." (*Barry* v. *Equitable Life Assurance Co.*, 59 N. Y. 593.) But in the absence of children,

and upon the death of the wife before the husband, both of the reasons upon which that theory is based are removed, and, doubtless, it was upon that consideration that the act of 1873 authorized the disposition of such a policy by will. At all events, when a wife who is childless dies before the husband, there being neither orphanage nor widowhood to be provided for, all reasons for longer impressing upon such property the peculiar characteristics above mentioned have ceased, and there is neither necessity for nor propriety in continuing upon such property, in the hands of a person to whom it is thus lawfully transferred, any different characteristics than attach to an ordinary chose in action.

This conclusion is somewhat confirmed by a decision of the Court of Appeals in *Olmsted* v. *Keyes* (85 N. Y. 593), where it is held that upon the death of the wife intestate, such a policy vests in the husband as survivor. If it was a chose in action, such as the husband could claim "*jure mariti*," when his wife died without disposing of it, all the more would it seem to be such an ordinary asset as an executor could claim under the residuary clause of a wife's will. See, also, a reference to such case in *Whitehead* v. *New York Life Insurance Co.* (102 N. Y. 152); *Walsh* v. *Mutual Life Insurance Co.* (133 id. 408, 419).

We conclude, therefore, that the policy in question was lawfully transferred by Mrs. Van Cott by the residuary clause of her will, and being so transferred, it became subjected to the liabilities which usually control the assets of an estate so bequeathed. Such being the case, her husband, as one of her executors, had power to give the plaintiff a perfect title to it. "The executor is the owner of the personal property of the testator; the absolute title vests in him, and he possesses the *jus disponendi* in its full force. The honest purchaser is under no duty to see that the moneys are faithfully applied by the executor." (*Leitch* v. *Wells*, 48 N. Y. 585, 595.) One of two executors possesses the power of selling the personal assets, as fully as if both were to join in the act of transfer. (*Bogert* v. *Hertell*, 4 Hill, 492, 503; *Wilder* v. *Ranney*, 95 N. Y. 7; *Barry* v. *Lambert*, 98 id. 300, 308.)

The purchase of a monument for the deceased was not inconsistent with the proper use of her assets by her executor. (*Matter of Laird* v. *Arnold*, 42 Hun, 136.)

Therefore, there is no fact appearing that discredits the good faith of the plaintiff in dealing with the executor for the purchase of the policy. It is said that the husband did not assume to sell it as executor. True, there was some doubt expressed as to whom it belonged, but we cannot say that the plaintiff did not rely upon his authority as executor to give good title to the policy. The title to the policy was believed to be in him, either as executor or as owner in his own right, and in either event a sale and delivery by him would give good title to it, so long as there was nothing to notify the purchaser that the sale was being made in fraud of the estate. The consideration that was paid for the policy could be applied to either the estate or to the husband personally, as their respective rights on a final settlement of his accounts would require, and, therefore, nothing showed the plaintiff that the husband was acting in fraud of his trust.

It is claimed, however, that the policy could not be transferred by Mrs. Van Cott's executors without the written consent of the husband, and as no such writing was given, the plaintiff acquired no title, and Mrs. Wright, as surviving executor, has lawful right to the policy or its proceeds. This claim requires us to consider the effect of chapter 248 of the Laws of 1879 upon the operation of the act of 1873. As we have seen, the act of 1873 conferred upon a wife the power to assign her policy or bequeath it, *when she had no children*, on complying with certain formalities in the manner of transferring it. The act of 1879 conferred upon her full power to assign it in any manner, even though she had children, provided her husband consented in writing to the transfer.

The statutes are not inconsistent. Full effect can be given to the last one, without repealing or limiting the effect of the prior one. A married woman may still, *without the consent of her husband*, bequeath her property, *provided she has no children*. If she has children, she is not aided by the act of 1873, and can only dispose of it by bringing herself within the provisions of the act of 1879.

The latter act, therefore, was passed for the benefit of those wives who had children, and was intended to extend, rather than limit, the power of married women to dispose of such policies. Certainly, if it was not intended to prohibit a married woman, who had no children, from bequeathing her policy without the consent of her

husband, it surely should not be construed as limiting the right of one to whom she had thus lawfully bequeathed it. It is true that the statute of 1879 provides that in case of her death it may be disposed of " by her legal representative, with the written consent of her husband," but such provision is given its full meaning if it be held to apply to those cases when the wife has died without in any manner disposing of the policy.

It seems very clear that the act of 1879 was not intended to repeal or limit the power of disposition given to married women by the act of 1873. Assuming that, it would be a forced and unreasonable construction to hold that under the provisions of the latter act the person to whom it is thus lawfully assigned cannot himself transfer it without the written consent of the husband. The statute of 1873 expressly provides that the person to whom the policy is so transferred, under the provisions of that act, shall acquire the same rights in respect thereto as such married woman would have had in case she survived her husband, and we hold that this provision is not repealed or modified by any provision in the act of 1879.

It follows, therefore, that the executors of Mrs. Van Cott's will took title to the policy in question, and the absolute right of disposing of it, unaffected by any provision of the act of 1879, and that no written consent of the husband was necessary to authorize them or either of them to assign it.

This leads us to the conclusion that the plaintiff acquired a good title to the policy in question, and that the judgment in his favor should be affirmed, unless there was some error committed on the trial, in the admission of evidence, that requires us to order a new trial.

The error complained of is that several persons were allowed to testify that the executor, Edward B. Van Cott, at various times after the alleged sale of the policy to the plaintiff, told them that he had so assigned it, and the consideration which he received for it. The view which we have taken above entirely excludes his executor, Ephraim G. Van Cott, from any interest in the policy, and, hence, the receipt of such evidence was quite unimportant as to him. But the defendant Mrs. Wright, as a surviving executor, had the right to challenge the fact of the transfer of this policy to the plaintiff. In this capacity she was acting for the estate, seeking to recover

against the plaintiff assets which she claimed belonged to the estate. Therefore, she had the right to except to any evidence tending to prove such transfer that was not legally admissible as against the estate. The evidence complained of tended to prove the transfer by the declaration of her co-executor as to what he had done regarding such transfer. They were not made by him while acting in the discharge of his duties, and were in no sense part of the *res gestæ.* They were, therefore, not admissible as against the estate (*Church* v. *Howard*, 79 N. Y. 415; *Davis* v. *Gallagher*, 124 id. 487), unless the fact that the executor is since dead takes them from the general rule. It may be, as claimed by plaintiff's counsel, that such fact rendered the evidence admissible within the rule given in *Schenck* v. *Warner* (37 Barb. 262); Stephen's Digest of the Laws of Evidence (articles 25 and 28), and *Livingston* v. *Arnoux* (56 N. Y. 507), but we prefer to put our decision upon the ground that the admission of such evidence worked the defendant Wright no harm.

If all the declarations improperly admitted were stricken out there is still abundant evidence in the case to show that the plaintiff procured the policy in the manner in which he claims he did, and there is not a particle of evidence in the case to dispute it. There is really no conflict over that question, and for that reason we conclude that the admission of such declarations is not a ground for granting a new trial. (*Matter of Eysaman*, 113 N. Y. 70, 71.)

The same considerations apply to the exceptions taken to the admissions made by Mrs. Wright, so far as any of such rulings were erroneous. On the whole case we conclude that the judgment appealed from must be affirmed.

HARDIN, P. J., concurred; MERWIN, J., dissenting.

Judgment affirmed, with costs.